IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No 5:07-CV-426 (U.S.D.C., E.D.N.C.)

**FILED**

DEC 07 2007

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

ADVANCED INTERNET           )
TECHNOLOGIES, INC.          )
      Plaintiff,            )
                )
                )
v.                          )
                )
DELL, INC.                  )
      Defendant.            )
                )

**MOTION TO DISQUALIFY
COUNSEL FOR DEFENDANT
AND INCORPORATED
MEMORANDUM OF LAW**

Plaintiff Advanced Internet Technologies, Inc. ("**AIT**"), by and through its undersigned counsel, hereby respectfully moves the Court to Disqualify Counsel for Defendant and in support thereof shows the Court the following:

## I.    PRELIMINARY STATEMENT

1.    The law firm of Womble, Carlye, Sandridge & Rice ("**Womble**") represented AIT on numerous issues since October 1999 and continues to act as general business counsel. During the course of its representation, Womble learned a substantial amount of AIT's confidential information and incurred fiduciary duties to AIT and Clarence Briggs, CEO of AIT. Womble is now representing Defendant, Dell, Inc. ("**Defendant**" or "**Dell**") in the instant lawsuit initiated by AIT.

2.    Womble is precluded from representing AIT in this matter because: (i) Womble discussed with AIT representing AIT in the same or substantially the same matter against Dell; (ii) Womble's past representation of AIT gives Womble an advantage and prejudices AIT because during its representation Womble learned confidential and proprietary information that AIT protects from public disclosure, such as infrastructure, intellectual property, business structure, and other protected information; and (iii) Womble has continuing ethical and fiduciary

1

obligations to AIT, including but not limited to holding Powers of Attorney for both AIT and its CEO, Clarence Briggs.

3.     AIT is concerned that Womble will use the information and knowledge it obtained from AIT in the persecution of AIT in this matter. Womble's continued representation is unfair and prejudicial to AIT. This situation, at a minimum, creates the appearance of impropriety and undermines public confidence in lawyers and the legal system.

4.     AIT brought its concerns to Womble's attention, yet they refuse to comply with the NC Rules of Ethics regarding conflicts and prior representation by withdrawing as counsel to Dell.

5.     There will be no prejudice to Dell by disqualifying Womble, since Dell has been given an extension to file its answer in this matter.

## II.     STATEMENT OF FACTS

6.     AIT is a privately held company. Clarence E. Briggs, III ("**Briggs**") is the CEO and founder of AIT. On behalf of AIT, Briggs contacted James K. Phillips of Womble regarding representation for general business matters on or about September 1999. Phillips sent AIT an engagement letter for "general legal services," dated October 5, 1999, which was executed by AIT. (See Engagement Letter, attached hereto as **Exhibit A**.). AIT also paid Womble a retainer, which was received and cashed by Womble. (See Affidavit of Clarence E. Briggs, III, attached hereto as **Exhibit B**.)

7.     Over the last eight years, twenty-one of Womble's attorneys from four of their five office locations in North Carolina have represented AIT: James Phillips (AIT's primary attorney), C. Mark Wiley (tax issues, IRS litigation regarding computer technology research and development tax credits, holds POA for Briggs and AIT), Randel S. Springer (Veribiz trademark

2

litigation), Douglass W. Hanna and Mark A. Davis (litigation with Red Hat), Jeffrey R. McFadden (MLRS technology patent for managing network and servers), Richard J. Caira (IP), Jimmy H. Barnhill (IP), Kurt D. Weaver (employment law issues and general corporate representation), Sheri Roberson (employment law issues), Theodore F. Claypoole (international legal issues), George A. Ragland (stock and trust estate issues), Richard M. Feathers (Dept of Labor audit and litigation regarding computer technician roles and classifications at AIT), William R. Whitehurst (ERISA and benefits issues), Kenneth G. Caroll (business contracts with respect to computer technology solutions), William Sullivan (debt collection), Jeffrey G. Gleser and W. H. (Kip) Johnson (international expansion, business plan), John J. Timar (IP), Donald A. Donadia (bid dispute), and Anne Culp Fleeson (IP)

8.     Since October 5, 1999, Womble has represented AIT on many matters, including but not limited to, litigation and disputes with Department of Labor, the Internal Revenue Service, and Cumberland County. Briggs also retained Womble to assist during his complex domestic litigation and subsequent estate planning.     Thus, Womble is not only privy to information about AIT that is protected and privileged, but also to privileged information regarding Briggs personal, domestic, and estate matters.

9.     Womble represented AIT on intellectual property matters, including but not limited to the procurement of patents for novel inventions, from April 2004 to March 2007.

10.     During the course its various representation of AIT, Womble acquired proprietary information about AIT, some of which was confidential in nature, and all of it protected by attorney-client privilege. (See Affidavit of Clarence E. Briggs, III).     This information includes but is not limited to AIT's corporate structure, number and identity of Board members, company assets and earnings, corporate management and management style, AIT's use of servers, AIT

3

code for proprietary software, AIT computer system use and configuration, and other information that AIT holds as confidential and has litigated to protect and keep private.

11.    Womble represented AIT in successful efforts to protect this private and privileged information with numerous Protective Orders to protect the disclosure of this information during various litigations.

12.    On or about the fourth quarter of 2005 and through the first quarter of 2006, Mr. Phillips provided advice and counsel to AIT in regards to a potential click-fraud class-action lawsuit against Google.

13.    During the same time period in which Womble provided such counsel in regards to the Google matter, AIT discussed with Mr. Phillips key facts and confidential information in regards to a potential class-action lawsuit against Dell concerning substantially the same related matters as in this pending *AIT v. Dell* lawsuit. (See Affidavit of James H. Baker, former general counsel of AIT, attached hereto as **Exhibit C** and Billing from James Phillips **Exhibit D.**)

14.    A substantial number of conversations occurred between AIT and Womble during the fall of 2005 on this subject matter concerning Dell.

15.    During these conversations, Mr. Phillips provided advice and counsel to AIT in regards to its claims against Dell, which claims are substantially the same claims as alleged in AIT's Complaint that was filed in this matter. (See Affidavit of James H. Baker, former general counsel of AIT, attached hereto as **Exhibit C**.).

16.    On or about the fourth quarter of 2005 through the first quarter of 2006, Womble expressed to AIT that they did not want to represent AIT in a matter against Dell because Womble was looking to do business with Dell since Dell was planning on opening a new manufacturing plant in North Carolina in the near future.

4

17.     Throughout the course of Womble's general representation of AIT, the law firm accumulated and maintained and continues to maintain confidential information, including but not limited to the technical infrastructure of AIT's business operations, the actual operations of AIT's business, AIT's financial information, estate and succession planning of AIT CEO Briggs, corporate capital structure of AIT and tax related information.  In addition, Womble maintains proprietary information of AIT, including marketing plans and strategies, system architecture, business system methodologies and identities of persons and/or businesses hostile to AIT. AIT supplied Womble with information relating to specific assets of AIT, liabilities and income projections.  (See Affidavit of Clarence E. Briggs, III, attached hereto as **Exhibit B**.)  Womble continues to hold Powers of Attorney for AIT and Briggs.  (See attached **Exhibit E**.)

18.     On November 1, 2007, AIT filed the current lawsuit against Dell.  AIT has not consented to Womble's representation of Dell and is concerned that the issues inherent in the case will or may lead to the use of its privileged and confidential information.  Neither AIT nor Briggs has waived the attorney-client privilege or consented to any waiver of the conflict of interests that exists due to Womble's prior representation of AIT.  (See Affidavit of Clarence E. Briggs, III, attached hereto as **Exhibit B**.).

19.     Despite AIT's communicated objection, Womble refused to disqualify itself from representing Defendant in this matter.

20.     Womble communicated to AIT that they should not be disqualified as counsel for Defendant because AIT is no longer a client of Womble since their last invoice was sent to AIT in April of 2007, and 8 months is allegedly a great length in time for Womble not to receive billable work matter from AIT.

21.     AIT is unaware of a rule that supersedes North Carolina's Rules of Professional Conduct or a Rule that prefaces attorney-client privilege or conflict on billable hours.

22.     Moreover, since Womble refused to represent AIT in a matter against Dell concerning the same or substantially the same matter as in this case back in or about the fourth quarter of 2005 through the first quarter of 2006, AIT does not understand why Womble would not also refuse to represent Dell in a same or substantially the same matter as AIT has alleged against Dell in the Complaint.

## III.     ARGUMENTS

### A.     Prior Matter Is the Same or Substantially the Same As The Instant Action

Rule 1.9(a) of the North Carolina Revised Rules of Professional Conduct ("**Rule 1.9(a)**"), provides that a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing. Also, a lawyer "shall not represent a client in the same or a substantially related matter if the lawyer received information from the prospective client that could be *significantly harmful* to that person in the matter." *Id.* R. 1.18(c) (emphasis added). If a lawyer is disqualified for these reasons, then "no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation." *Id.* In the case at bar, AIT discussed its claim against Dell with James Phillips, who cited same in his billing. AIT laid out its case against Dell to Womble so that Womble could judge the merits of its case to determine if it would take the case on a contingency fee arrangement. Having thus considered AIT's case against Dell and received information regarding same, Womble is disqualified from representing them in this same or similar matter.

6

(1)    The initial question for the Court is whether Womble "represented" AIT within the meaning of Rule 1.9(a).

The existence of an attorney-client relationship is a question of fact for the trial court. *See, e.g., Ferguson v. DDP Pharmacy, Inc.*, 621 S.E.2d 323, 327 (N.C.Ct.App. 2005). The question is whether the parties' conduct "'was such that an attorney-client relationship could reasonably be inferred.'" *Id.* (quoting *The North Carolina State Bar v. Sheffield,* 73 N.C.App. 349, 358, 326 S.E.2d 320, 325 (1985)). "[A]n important factor in determining the existence of the relationship is the client's subjective belief." *Teja v. Seran,* 68 Wn.App. 793, 796, 846 P.2d 1375, 1377 (1993).

There is no doubt that given the long history and numerous and extensive representation of AIT by Womble that an attorney-client relationship exists, and that AIT is reasonable in believing that such relationship exists.

(2)    The second question for the Court is whether Womble had an attorney-client relationship with AIT in the same or a substantially related matter in which Womble had previously represented AIT.

Womble argues that since its last invoice to AIT was in April of 2007, AIT was no longer a client of Womble. AIT is unaware of any rule or case law that supports the position that an attorney's duties to its client are solely prefaced on annual billable hours. However, AIT is certain that it sought the advice and counsel of Womble in the same or a substantially related matter as in the case that is currently before this Court. (*See* Affidavit of Clarence E. Briggs, III, attached hereto as **Exhibit B**, Affidavit of James H. Baker, attached hereto as **Exhibit C**, and

7

billing of James Phillips of Womble, attached as **Exhibit D**.) Womble has had discussions with AIT about this matter, and was privy to AIT's confidential information, including but not limited to the strengths and weaknesses of AIT's claims against Dell, AIT's system architecture, business system methodologies and identities of persons and/or businesses hostile to AIT. *See* N.C. Rules of Prof'l Conduct R. 1.18(b). Therefore, Womble had an attorney-client relationship with AIT in the same or a substantially related matter in which Womble had previously represented AIT.

North Carolina Courts have defined the term "substantially related" as: "identical" or "essentially the same." *Plant Genetic Systems v. Ciba Seeds*, 933 F.Supp. 514, 518 (M.D.N.C. 1996). The "substantially related" test requires a "virtual congruence of issues," and it is not necessary that two matters "involve the same operative facts, as long as there is a sufficient similarity of issue." *Id.* The subject matter that AIT discussed with Womble in regards to a proposed class-action lawsuit against Dell *are the exact same* allegations, transactions, and occurrences that AIT has alleged against Dell in this matter. Therefore, Womble had an attorney-client relationship with AIT in the same or a substantially related matter in which Womble had previously represented AIT.

(3)   The third question before for the Court is whether any of Womble's attorneys may represent Dell in this matter.

As a result of their counsel and privity to confidential information in the same matter or similar matter involving the same causes of action as alleged in AIT's Complaint against Dell, every attorney at Womble is barred from representing Dell without AIT's informed consent, confirmed in writing. *See id* and N.C. Rules of Prof'l Conduct R. 1.19(a). AIT is informed and refuses to give to Womble its consent that Womble may represent Dell in this matter. Moreover,

8

since Womble has had such conversations with AIT and received confidential information in the same matter as is being litigated in this action, Womble cannot represent Dell in this case because such representation by could be *significantly harmful* to AIT. *Id.* R. 1.18(c) (emphasis added).

AIT anticipates that Womble will argue that only its Winston-Salem office should be disqualified since that is where James Phillips' office is located. However, the North Carolina Rules of Professional Conduct is very clear that if a lawyer is disqualified for a conflict of interest, then "no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation." *Id.* Therefore, Womble and all of their offices must be disqualified as counsel to Defendant in this matter.

## B. Womble Is Barred From Using Confidential Information Disclosed By Briggs and AIT

In addition to barring Womble from representing Dell based on the same or substantially the same related matter as Womble provided advice and counsel to AIT, the Rules of Professional Conduct also prohibit Womble from using confidential information against AIT that was discussed during previous representation. Specifically, Rule 19(c) provides:

A lawyer how has formally represented a client in a matter … shall not thereafter (1) use information relating to or gained in the course of the representation to the disadvantage of the former client ….

In the instant case, it is assumed that Dell will make an issue of AIT's business practices, its use of Dell's servers, its operating systems, and AIT's system architecture. As such, the issues are substantially related to Womble's previous representation of AIT in procuring patents for software and litigation with Red Hat which required a detailed knowledge of AIT's system architecture and use of software. Womble's assistance developing business plans, procuring venture capital investment, and litigating with the IRS has given Womble unique access to AIT's

9

financial and corporate structure. All of this information is stringently protected by AIT, as Womble can attest, given their procurement of Protective Orders for AIT to protect this information in its various litigations. Womble's access to this protected information disadvantages AIT and gives an advantage to Dell in this litigation. There is a substantial risk that information as would normally have been obtained in the prior representation would materially advance Dell's position in the instant matter. See Legal Ethics Opinion No. 2003 FEO 14.

## C. Womble is Disqualified For Public Policy

When considering the disqualification of an attorney on grounds of conflict of interest, three principles guide courts' decisions. First, attorneys bear the burden of ensuring the absence of any conflicts of interest at the very outset of their representation of a client. See N.C. Rules of Prof'l Conduct R. 1.7 ("[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest."), 1.8 (providing specific rules for avoiding conflicts) (LEXIS through 2006 legislation). Second, lawyers are responsible for acknowledging the receipt of information and when such information is delivered to in a writing, reading what is sent to them. This is not only good practice, but it is also part of a lawyer's duty to avoid conflicts. The receipt of confidential information from a client or prospective client may create a conflict in the future. CITE. Third, the goal of maintaining public confidence in our system of justice demands that courts prevent even the appearance of impropriety and thus resolve any and all doubts in favor of disqualification. *See, e.g., United States v. Clarkson,* 567 F.2d 270, 273 n. 3 (4th Cir.1977); *Healthnet, Inc. v. Health Net, Inc.,* 289 F.Supp. 2d 755, 758 (S.D.W.Va.2003).

Womble's representation of Dell in the instant matter undermines public confidence with regard to legal representation. Womble should not be allowed to contractually represent AIT,

and then simply turn around and represent Dell, adverse to AIT, in this matter. Womble's actions clearly create the appearance of impropriety. A lawyer has a duty to avoid even the *appearance* of improprietary. *Lowder v. All Star Mills, Inc.*, 60 N.C.App. 275 (1983).

In preventing the appearance of impropriety, the client's perception of events is of paramount importance and overshadows the details of his attorney's conduct. The conduct of the attorney need not constitute a violation of the Rules of Professional Conduct, and certainly need not rise to the level of professional negligence in order to warrant disqualification. The relevant cases instruct us to refrain from weighing the conduct of counsel with "hairsplitting nicety" in the context of a motion to disqualify. *See United States v. Trafficante,* 328 F.2d 117, 120 (5th Cir.1964). As Judge Goodwin so ably stated in *Healthnet,* "[a] motion to disqualify counsel ... is not a referendum on the trustworthiness of the counsel sought to be disqualified. It is, rather, a motion that should succeed or fail on the reasonableness of a client's perception that confidences it once shared with its lawyer are potentially available to its adversary. Where a reasonable client would be concerned by a potential conflict, a court must err on the side of disqualification." *Healthnet,* 289 F.Supp. 2d at 763.

### III.  CONCLUSION

Womble should be disqualified from representing Dell against AIT in this matter because confidential information regarding AIT's claims against Dell were revealed to Womble during the course of Womble's representation of AIT, because Womble has confidential information about AIT's finances, corporate structure, intellectual property, and other proprietary matters that AIT holds as private and protected, and because Womble has continuing and on-going ethical and fiduciary duties to AIT.

11

Wherefore, AIT respectfully requests that this honorable Court grants its Motion to Disqualify Counsel for Defendants and Incorporated Memorandum of Law for all of the reasons stated above.

This the ___7___ day of December, 2007.

By: _____

Mark W. Ishman, NC State Bar # 27908
Amber A. Corbin, NC State Bar # 23055
Attorneys for Plaintiff
c/o Advanced Internet Technologies, Inc.
421 Maiden Lane
Fayetteville, NC 28301
Phone: (910) 321-1267

12