IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No 5:07-CV-426 (U.S.D.C., E.D.N.C.)

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC.<br>Plaintiff,<br><br>v.<br><br>DELL, INC. and DELL FINANICIAL SERVICES, INC.,<br>Defendants. | **FIRST AMENDED VERIFIED COMPLAINT (JURY TRIAL DEMANDED)** |

Plaintiff Advanced Internet Technologies, Inc. ("**AIT**"), by and through its attorneys, brings this First Amended Verified Complaint against Defendant Dell, Inc. ("**Defendant**" or "**Defendant Dell**" or "**Defendants**") and Defendant Dell Financial Services, Inc. ("**Defendant DFS**" or "**Defendants**"), on behalf of itself and its clientele, and allege upon personal knowledge as to itself and its own acts, and upon information and belief with respect to all other matters, as to which allegations it believes substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery as more fully explained as follows:

## THE PARTIES

1.      AIT is a North Carolina corporation and maintains its principal place of business at 421 Maiden Lane, Fayetteville, North Carolina 28301.

2.      Defendant Dell is a Delaware corporation that is doing business in the State of North Carolina, including but not limited to operating a 750,000 square-foot manufacturing plant in Winton-Salem, North Carolina that builds Defendant's OptiPlex and Dimension desktop computers, the subject matter of this lawsuit.

1

3.     Defendant DFS is a Delaware corporation that is doing business in the State of North Carolina, and is subject to service of process and the jurisdiction of this Court.

4.     Defendant DFS is a wholly owned subsidiary of Defendant Dell.

5.     During all material times, Defendant Dell and Defendant DFS had a common goal of soliciting and closing sales from AIT in a joint effort, whereby personnel from each of the respective Defendants were paired together in the same office building, floor and interior office location, as well as sharing of other assets, in furtherance of their common goal.

6.     During all material times, Defendant DFS was an alter ego of Defendant Dell.

7.     During all material times, Defendants solicited and shipped its products and/or services into the State of North Carolina using North Carolina taxpayer funded infrastructure, including but not limited to Cumberland County, North Carolina.

## JURISDICTION AND VENUE

8.     This is an action for breach of express warranty, breach of warranty for merchantability, breach of implied warranty of fitness for a particular purpose, acts of fraud, acts of unfair and deceptive business practices, and civil conspiracy, and in the alternative, breach of contract.

9.     AIT seeks over $75,000.00 from Dell for breach of express warranty, breach of warranty for merchantability, breach of implied warranty of fitness for a particular purpose, acts of fraud, acts of unfair and deceptive business practices, negligence, and civil conspiracy, and in the alternative, breach of contract.

10.     This Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and this Court's pendent jurisdiction.

2

11.     The Court has personal jurisdiction because a substantial part of the actions of Dell complained of herein took place within this jurisdiction.

12.     Venue is proper in this district under 28 U.S.C. § 1391 because it is a judicial district in which a substantial part of the events or omissions giving rise to these claims occurred.

## SUBSTANTIVE ALLEGATIONS

13.     AIT is in the business of providing to others website hosting and other electronic commerce solutions through its commercial web server operations. Many of AIT's customers are "resellers" of web hosting services who, through either the use of their own web servers located at AIT's secure facilities in North Carolina or through the use of AIT's web servers, provide an Internet presence and maintain websites for their own clients. AIT, through itself and its subsidiaries, also engages in the businesses of providing Internet and World Wide Web based technologies to others including server and software solutions in the area of electronic commerce, transaction gateways, web hosting, dial-up access and domain name registration services.

14.     On or about December 2002, AIT expressed to Defendant Dell its desire to purchase equipment from Defendant Dell to be used for its commercial web server operation, where the computers would be operating Microsoft Windows and Linux operating systems in a clean, temperature controlled environment that maximizes airflow to computers.

15.     Defendant Dell visited AIT's facilities in order to become better acquainted with AIT's intended commercial use of the computers that AIT was intending to purchase.

16.     Based on AIT's disclosed purpose and intended use of certain computers, as well as its visit to AIT's facilities, Defendant Dell recommended to AIT that it should purchase the Dell OptiPlex GX270 systems (*i.e.*, GX270, GX280 and Dimension 4600c desktop computers) (collectively, "**Dell OptiPlex computers**").

3

17. Defendant Dell also sold rack mounts for the Dell OptiPlex computers so that they may be used as servers or in like capabilities and attempted to sale such rack mounts to AIT. See **Exhibit A**, which is incorporated herein and made a part of this Complaint.

18. In accordance to Defendant Dell's 05/21/03 press release, attached hereto as **Exhibit B** and is incorporated herein and made a part of this Complaint, the OptiPlex desktop computers comprising of the Dell OptiPlex computers were:

> Designed for networked business environments, with long product lifecycles, standards-based technology and a full suite of user-friendly management tools, making them easy to deploy and maintain.

19. In the same press release on 05/21/03, Defendant Dell said the following about the Dell OptiPlex computers:

> Also new to the OptiPlex line is the availability of Serial ATA disk drives, which offer faster data transfer rates the Parallel ATA drives and employ smaller cables, improving airflow within the chassis.

20. In accordance to Defendant Dell's second 05/21/03 press release, attached hereto as **Exhibit C** and is incorporated herein and made a part of this Complaint, the Dimension desktop computers comprising of the Dell OptiPlex computers are of the size that:

> makes it an ideal system for use in dorm rooms, apartments or any place where space is limited.

21. AIT's initial bundle of Dell OptiPlex computers were purchased by AIT.

22. With full knowledge that AIT's first bundle of Dell OptiPlex computers were purchased, rather than leased, by AIT, Defendants conspired deceptively with each other and "baited" AIT to lease all of its Dell OptiPlex computers from Defendants rather than purchase them, which "bait and switch" conduct includes but are not limited to, omitting to disclose to AIT of the known defects to the Dell OptiPlex computers, omitting to disclose to AIT their intention not to honor the warranties in association to the Dell OptiPlex computers, and omitting

4

to disclose their leasing terms that would have AIT disclaim all warranties in association with the Dell OptiPlex computers when the Defendants ceased honoring the warranties in association with the Dell OptiPlex computers.

23.   Based on Defendants' recommendation, AIT thereafter leased the remaining 2,098 Dell OptiPlex computers during the years 2003 to 2004.

24.   As part of AIT purchase and then lease of the Dell OptiPlex computers, Defendant Dell provided certain warranties with the Dell OptiPlex computers.

25.   Upon information and belief, at the time of entering into the leases with AIT with knowledge of the defective Dell OptiPlex computers, Defendants conspired and intentionally drafted leases for the defective Dell OptiPlex computers that specifically required AIT to disclaim Defendant Dell's warranties provided with the Dell OptiPlex computers upon Defendant's failure to honor the warranties in association with the Dell OptiPlex computers.

26.   Upon information and belief, the Defendants conspired and intentionally drafted the terms of the leases with full knowledge of Defendant Dell's defective Dell OptiPlex computers in order to relieve Defendant Dell of its warranty obligations to AIT for these computers.

27.   During all relevant times, Defendants knew long before AIT's purchases of the Dell OptiPlex computers that Defendant Dell had significant problems with the Dell OptiPlex computers, including but not limited to, counterfeit capacitors, motherboards, power supply, CPU fan failures and other defects not currently known to AIT that caused overheating, hardware crashes, lost data and other malfunctions from these computers.   See, e.g., *Amalgamated Bank, et al. v. Dell, Inc., et al.*, Civ. Case No. 1:07-cv-00077-SS, U.S. Dist. Crt. (W. Dist. Tex.) (Compl. ¶¶ 241 – 252) (Defendant Dell shareholders alleging that Defendant

5

"knew long before the 3rdQ F05 that it had problems with the OptiPlex GX270 and GX280" and that "[b]y 2/05, Dell was replacing all motherboards with no questions asked."), which cover page of said complaint and cited paragraphs are attached hereto as **Exhibit D** and is incorporated herein and made a part of this Complaint.

28.     Generally and as a result of failing to adequately account for Defendant Dell's known warranty obligations for the Dell OptiPlex computers, Defendant Dell had to restate its financials to its shareholders in year 2005. See Defendant Dell's press release and news article attached hereto as **Exhibit E**, which are incorporated herein and made a part of this Complaint.

29.     Shortly after making its lease purchases in detrimental reliance to Defendants' statements, AIT experienced the same known failures with the Dell OptiPlex computers, which included but not limited to counterfeit capacitors, motherboards, power supply, CPU fan failures and other defects not currently known to AIT that caused overheating, hardware crashes, lost data and other malfunctions from the Dell OptiPlex computers used and relied on by AIT and its clientele.

30.     Upon information and belief, at the time that Defendants conspired and urged AIT to lease, rather than purchase, the defective Dell OptiPlex computers through Defendant Dell's wholly owned subsidiary Defendant DFS, both Defendants had knowledge of the defects with the Dell OptiPlex computers.

31.     AIT and its clientele (collectively, "**AIT**") were damaged as a result of the failures of the counterfeit capacitors, motherboards, power supply, CPU fan failures and other defects not currently known to AIT that caused overheating, hardware crashes, lost data and other malfunctions from or to their respective Dell OptiPlex computer.

6

32. On or about November 2004, AIT began conducting internal audits of the Dell OptiPlex computers due to their high failure rate, which audits revealed a significant portion, approaching 100%, of the Dell OptiPlex computers failed and were not functioning.

33. The sole and proximate cause of the failures of the capacitors, motherboards, power supply and the CPU fan failures was the defect in design of the Dell OptiPlex computers.

34. On or about January 15, 2005, AIT contacted Defendant Dell and informed it of the failed Dell OptiPlex computers and demanded that Defendant cure the failed Dell OptiPlex computers under such computers' product warranty. Although Defendant Dell knew the cause of the failures, it fraudulently led AIT to believe that the parties were working together for a period of six to eight months to investigate the cause of and remedy for these failures.

35. As a result of its known defects and failures in the motherboards of the Dell OptiPlex computers, Defendant Dell offered to its Dell OptiPlex computer customers, including AIT, an out of warranty support program that provides a complete "motherboards replacement for 5 years from the original date of purchase of the [Dell OptiPlex computer] or January 31, 2008, whichever occurs first." See Defendant Dell's press release attached hereto as **Exhibit F**, which is incorporated herein and made a part of this Complaint.

36. Initially Defendant Dell fulfilled its obligations under the Dell OptiPlex computers' product warranty and/or its out of warranty support program with AIT.

37. On or about February 2006, Defendant Dell ceased honoring its product warranty and/or it's out of warranty support program for the Dell OptiPlex computers and AIT ceased to pay the lease payments for the defective Dell OptiPlex computers.

38. Since then, the parties have been involved in unsuccessful negotiations to resolve this defective Dell OptiPlex computers dispute.

39.     Upon information and belief during these unsuccessful negotiations to resolve the defective Dell OptiPlex computers, Defendant Dell directed and supervised its agents, servants and/or employees to ask AIT leading and misleading questions and fabricated facts to collectively support its erroneous position that it does not have to honor its warranties for the Dell OptiPlex computers.

40.     The foregoing allegations establish that AIT is entitled to recover from Defendants all of its damages, as well as all or part of what the clientele of AIT may recover from AIT/Defendants on the basis that Defendant Dell manufactured and knowingly sold and provided faulty goods to AIT, that AIT then resold/licensed to its clientele, allegedly to their detriment.

41.     The foregoing allegations also establishes that the Defendants conspired and encouraged AIT to lease the Dell OptiPlex computers from Defendant DFS in accordance to lease terms that would enable Defendant Dell to void its warranty obligations to AIT and still collect payment for the defective Dell OptiPlex computers.

42.     AIT is entitled to recover from Defendants all of its damages, as well as all or part of what the clientele of AIT may recover from AIT/Defendants and additional damages based on the following Claims:

**COUNT I**

**BREACH OF EXPRESS WARRANTY (N.C.G.S. § 25-2-313)**

43.     Plaintiffs restate and reiterate herein all previous paragraphs.

44.     The subject Dell OptiPlex computers are covered by Defendant Dell's warranty, which warrants that the Dell OptiPlex computers will be free from defects in materials and workmanship under normal use for the warranty period.

45. Defendant Dell's violations of North Carolina General Statutes Section 25-2-313, Section 2.313 of the Texas statutes and similar Uniform Commercial Code § 2-313 express warranty statutes, include, but are not limited to, the following:

a. Selling the Dell OptiPlex computers which were materially different from Defendant Dell's promises and affirmations upon which AIT relied;

b. Selling the Dell OptiPlex computers which were materially different from Defendant Dell's description of the same;

c. Selling the Dell OptiPlex computers which were materially different from Defendant Dell's sample or model which was depicted in Defendant Dell's advertisements; and

d. Selling the defective Dell OptiPlex computers and failing to repair a defect in materials or workmanship as provided for under the warranty when AIT presented the defective Dell OptiPlex computers to Defendant Dell for service under the warranty.

46. The defects experienced by AIT constitute a defect in materials or workmanship that has manifested itself during the warranty period.

47. Notwithstanding Defendant Dell's warranty that the defective Dell OptiPlex computers will be either repaired or replaced, Defendant Dell has refused to do so in breach of the terms of its warranty.

48. AIT is contractually entitled to the protections of the express warranty made by Defendant Dell regarding the Dell OptiPlex computers, both in connection with its purchases/leases of the Dell OptiPlex computers and by presenting its defective Dell OptiPlex computers for repair of the defects.

49. As a result of Defendant Dell's breach of the express warranty, AIT has suffered damages.

50. Any limitation periods or limitations in recovery in Defendant Dell's warranty or in the lease agreements with Defendant DFS are unconscionable and, therefore, are unenforceable, because the Dell OptiPlex computers contain defects of which Defendant was actually or constructively aware at the time the Dell OptiPlex computers were sold, and because AIT lacked a meaningful choice with respect to the terms of the warranty due to the parties' unequal bargaining power.

51. Any applicable notice requirement was met by AIT's presentments of its defective Dell OptiPlex computers to Defendant Dell for repair of the design defect and/or by the filing of this action.

52. As a direct and proximate consequence of Defendant Dell's breach of warranty, AIT has been injured in its trade or business, in an amount not presently known with precision, but which is, upon information and belief, millions of dollars, prior to trebling.

53. AIT is entitled to have and recover of Defendants an amount not presently known with precision, but which is, upon information and belief, millions of dollars, together with interest and costs.

54. The acts of Defendants were performed fraudulently and in a wanton, willful and/or reckless disregard of the rights and interests of AIT and AIT is therefore entitled to an award of punitive damages.

55. AIT is entitled to have and recover of Defendants an amount not presently known with precision, but which is, upon information and belief, millions of dollars, for punitive damages.

## COUNT II

## BREACH OF WARRANTY OF MERCHANTABILITY (N.C.G.S. § 25-2-314)

56.     AIT restates and reiterates herein all previous paragraphs.

57.     At all times material hereto, Defendant Dell was a merchant of goods, including the subject Dell OptiPlex computers.

58.     The subject Dell OptiPlex computers and/or their component parts were provided by Defendant Dell under a contract of warranty to AIT.

59.     Defendants' violations of the North Carolina General Statutes Section 25-2-314, Section 2.314 of the Texas statutes and similar Uniform Commercial Code § 2-314 implied warranty of merchantability: usage of trade statutes, include, but are not limited to, the following:

> a.      The Dell OptiPlex computers failed to conform to Defendant Dell's description of the same and would not pass without objection within the trade;

> b.      The Dell OptiPlex computers were not fit for the ordinary purpose for which desktop computers are used; and

> c.      The Dell OptiPlex computers failed to conform to the promises and affirmations made on the labeling and/or packaging.

60.     The subject Dell OptiPlex computers and/or their component parts were not reasonably fit for the purpose of which they were sold and intended to be used to AIT due to defects which included, but were not limited to, poor design, overheating, crashes, lost data and inadequate warning regarding the use of the subject Dell OptiPlex computers.

61. The subject Dell OptiPlex computers and/or their component parts provided by Defendants were defective on the date of their delivery to AIT and on the date of failure for each of the Dell OptiPlex computers.

62. Consequently, the defects of the subject Dell OptiPlex computers and/or their component parts and resulting breach of warranty directly and proximately caused the damages to AIT in an amount in excess of Ten Thousand Dollars ($10,000.00).

63. AIT is entitled to have and recover of Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages, together with interest and costs.

64. The acts of Defendants were performed fraudulently and in a wanton, willful and/or reckless disregard of the rights and interests of AIT and AIT is therefore entitled to an award of punitive damages.

65. AIT is entitled to have and recover of Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages.

## COUNT III

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

### (N.C.G.S. § 25-2-315)

66. AIT restates and reiterates herein all previous paragraphs.

67. Defendants violated the North Carolina General Statutes Section 25-2-315, Section 2.315 of the Texas statutes and similar Uniform Commercial Code § 2-315 implied warranty: fitness for a particular purpose statutes by selling AIT web server desktop computers which:

a.    At the time of contracting the subject Dell OptiPlex computers, Defendants knew AIT would be using the Dell OptiPlex computers for its commercial web server operations; and

b.    Defendant Dell knew AIT was relying on Dell's skill and judgment to select suitable desktop computers for its intended particular purpose.

68.    AIT relied, to its detriment, on Defendant Dell's skill and judgment in purchasing the Dell OptiPlex computers.

69.    The Dell OptiPlex computers were not fit for AIT's commercial web server operations, and moreover, they were not fit for any purpose since they overheated, crashed and lost data at a near rate of One Hundred percent (100%).

70.    As a direct and proximate consequence of Defendants" breach of warranty, AIT has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

71.    AIT is entitled to have and recover of Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages, together with interest and costs.

72.    The acts of Defendants were performed fraudulently and in a wanton, willful and/or reckless disregard of the rights and interests of AIT and AIT is therefore entitled to an award of punitive damages.

73.    AIT is entitled to have and recover of Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages.

**COUNT IV**

**FRAUD**

74.    AIT restates and reiterates herein all previous paragraphs.

75.     Defendants committed fraud against AIT by promising to provide to AIT with web server desktop computers, and intentionally and willfully selling it the Dell OptiPlex computers that it knew would fail and not function.

76.     Defendants were and are under a duty to AIT to disclose the true nature of the Dell OptiPlex computers because:

     a.     Defendants owed AIT a duty since they were in a position of trust and confidence of their own product line when recommending which of their computers would adequately meet AIT's expressed purpose for such computers;

     b.     Defendants are in a superior position to know the facts about the hidden defects in the Dell OptiPlex computers and such defects were latent; and

     c.     In all other respects.

77.     Defendants induced AIT to act to its detriment by knowingly making the following false representations and/or material omissions:

     a.     By failing to inform AIT before purchasing the Dell OptiPlex computers that it knew that the Dell OptiPlex computers' counterfeit capacitors, motherboards, power supply, CPU fan failures and other defects not currently known to AIT that had a high probability of failing to perform as advertised;

     b.     By failing to inform AIT after purchasing the Dell OptiPlex computers that it knew that the Dell OptiPlex computers' counterfeit capacitors, motherboards, power supply, CPU fan failures and other defects not currently known to AIT that had a high probability of failing to perform as advertised;

     c.     After receiving AIT warranty demands, failing to inform AIT that it had no intention of honoring its stated warranty; and

14

d.     In other respects.

78.     The representations and/or material omissions of Defendants to AIT were false when made and the material omissions of Defendants when made tended to leave a false impression of the truth.

79.     The false representations of Defendants as alleged herein were made with the knowledge that they were false, or with reckless disregard for their truthfulness, and with the intention that AIT would be induced to act, or not act, and rely on those representations.

80.     The material omissions of Defendants as alleged herein were made to intentionally create the false impression, through omission, of the truth or were made with a reckless disregard for the truth and with the intention that AIT would be induced to act, or not act, and rely on those material omissions.

81.     Defendants defrauded AIT by inducing it to lease the Dell OptiPlex computers under an agreement that required AIT to disclaim all warranties and make all payments despite the known and to be anticipated failures of the Dell OptiPlex computers, and Defendants engaged in this fraudulent activity for the purpose of obtaining payment for defective Dell OptiPlex computers.

82.     In reasonable reliance on the representations and/or material omission of Defendants, AIT:

a.     Leased, rather than purchase, the Dell OptiPlex computers;

b.     Experienced failures in its web server operations resulting in its and its clients' businesses being inoperative;

c.     Experienced failures in its web server operations resulting in its and its clients' data being destroyed; and

15

d.    In all other respects.

83.    In reasonable reliance on the representations and/or material omissions of Defendants, AIT entrusted its business and its commercial web server operations with Defendants.

84.    In reasonable reliance on the representations and/or material omissions of Defendants, AIT invested significant costs and resources in the leasing of the Dell OptiPlex computers.

85.    AIT relied to its detriment upon the intentional material omissions and/or false statements of Defendants.

86.    As a direct and proximate consequence of the fraudulent acts of Defendants, AIT has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

87.    AIT is entitled to have and recover of Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages, together with interest and costs.

88.    The acts of Defendants were performed fraudulently and in a wanton, willful and/or reckless disregard of the rights and interests of AIT and AIT is therefore entitled to an award of punitive damages.

89.    AIT is entitled to have and recover of Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages.

## COUNT V

### UNFAIR AND DECEPTIVE BUSINESS PRACTICES

90.    AIT restates and reiterates herein all previous paragraphs.

91.    The actions of Defendants as alleged herein were in or affecting commerce within the meaning of Chapter 75 of the North Carolina General Statutes.

92. The following acts of Defendants constitute unfair and/or deceptive trade practices:

a. Defendant Dell told AIT that the Dell OptiPlex computers would perform for its web server operations when in fact it knew that such computer experienced significant failures as a result of their counterfeit capacitors, motherboards, power supply, CPU fan and other defects not currently known to AIT;

b. Defendant Dell, while soliciting business from AIT and in a position with trust and confidence with fiduciary responsibilities to AIT, knowingly and willfully engaged in acts intended to damage the status of AIT with its potential customers and enrich itself and its affiliated companies, at AIT's expense, as more fully alleged in this Complaint;

c. By using unconscionable commercial practices and knowingly concealing, suppressing and/or omitting material facts as described above;

d. By fraudulently inducing AIT into an arrangement with DFS that would disclaim warranties, causing AIT to have no remedy but to pay for the Dell OptiPlex computers Defendants know to be defective; and

e. In all other respects.

93. Defendant Dell's deceptive practices were specifically designed to induce AIT to purchase the Dell OptiPlex computers.

94. Defendant Dell's deceptive practices have deceived and/or are likely to deceive AIT.

95. To this day, Defendants continue to violate Chapter 75 of the North Carolina General Statutes by continuing to actively conceal the defective nature of the Dell OptiPlex

17

computers and by representing to AIT that the problems with the Dell OptiPlex computers can be corrected by the replacement of component parts.

96. As a direct and proximate result of the unfair and deceptive trade practices of Defendants, AIT has incurred actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

97. AIT is entitled to recover treble damages and attorney's fees from Defendants pursuant to N.C. Gen. State. §§ 75-16 and 75-16.1, respectively.

98. AIT is entitled to have and recover of Defendants an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) for unfair and deceptive trade practices, trebled pursuant to N.C. Gen. State. § 75-16, and an award of attorney's fees pursuant to N.C. Gen. State. § 75-16.1.

**COUNT VI**

**FRAUD BY DEFENDANTS**

99. AIT restates and reiterates herein all previous paragraphs.

100. Defendant Dell had knowledge of the defects in the Dell OptiPlex computers prior to selling then leasing them to AIT.

101. Upon information and belief, at or before the time in which AIT entered into the Dell OptiPlex computers' leasing agreements, Defendant Dell shared its knowledge of the defects in the Dell OptiPlex computers to Defendant DFS.

102. Upon information and belief, with such knowledge of the defects in the Dell OptiPlex computers, Defendant DFS intentionally drafted its Dell OptiPlex computers' lease agreements to contain terms that required AIT to disclaim all warranties with the Dell OptiPlex computers.

18

103. With full knowledge that AIT's first bundle of Dell OptiPlex computers were purchased, rather than leased, by AIT, Defendants conspired deceptively with each other to have AIT lease all of its Dell OptiPlex computers rather than purchase them, which deceptive acts include but are not limited to, omitting to disclose to AIT of the defects to the Dell OptiPlex computers, omitting to disclose to AIT their intention not to honor the warranties in association to the Dell OptiPlex computers, and omitting to disclose their leasing terms that would have AIT disclaim all warranties in association with the Dell OptiPlex computers when they cease honoring the warranties in association with the Dell OptiPlex computers.

104. Defendants committed fraud against AIT by acting in concert with one another and collectively promising to provide to AIT with web server desktop computers, and intentionally and willfully selling it the Dell OptiPlex computers that it knew would fail and not function in accordance to unfair and deceptive terms.

105. Defendants were and are under a duty to AIT to disclose the true nature of the Dell OptiPlex computers because:

      a.     Defendants owed AIT a duty since they was in a position of trust and confidence of their own product line when recommending which of its computers would adequately meet AIT's expressed purpose for such computers; and

      b.     Defendants owed AIT a duty since they was in a position of trust and confidence of their leasing terms that would require AIT to disclaim all warranties in association with the Dell OptiPlex computers; and

      c.     Defendants are in a superior position to know the facts about the hidden defects in the Dell OptiPlex computers, and such defects were latent;

d.     Defendants are in a superior position to know the facts about the deceptive terms in its Dell OptiPlex computers' leasing agreements; and

e.     In all other respects.

106.    Defendants induced AIT to act to its detriment by knowingly making the following false representations and/or material omissions:

a.     By failing to inform AIT before purchasing then leasing the Dell OptiPlex computers that they knew that the Dell OptiPlex computers' capacitors, mother boards, power supplies and CPU fans had a high probability of failing to perform as advertised;

b.     By failing to inform AIT after purchasing then leasing the Dell OptiPlex computers that they knew that the Dell OptiPlex computers' capacitors, mother boards, power supplies and CPU fans had a high probability of failing to perform as advertised;

c.     After receiving AIT warranty demands, failing to inform AIT that they had no intention of honoring its stated warranty;

d.     By failing to disclose to AIT that it had no intention of honoring they stated warranty, AIT would withhold payment until such warranty obligations were fulfilled by Defendants, which withholding of payment caused AIT to disclaim the warranties with the Dell OptiPlex computers under their intentionally drafted leasing terms; and

e.     In all other respects.

107.    The representations and/or material omissions of Defendants to AIT were false when made and the material omissions of Defendants when made tended to leave a false impression of the truth.

108. The false representations of Defendants as alleged herein were made with the knowledge that they were false, or with reckless disregard for their truthfulness, and with the intention that AIT would be induced to act, or not act, and rely on those representations.

109. The materials omissions of Defendants as alleged herein were made to intentionally create the false impression, through omission, of the truth or were made with a reckless disregard for the truth and with the intention that AIT would be induced to act, or not act, and rely on those material omissions.

110. In reasonable reliance on the representations and/or material omission of Defendants, AIT:

      a.      Leased, rather than purchase, the Dell OptiPlex computers;

      b.      Experienced failures in its web server operations resulting in its and its clients' businesses being inoperative;

      c.      Experienced failures in its web server operations resulting in its and its clients' data being destroyed; and

      d.      In all other respects.

111. In reasonable reliance on the representations and/or material omissions of Defendant, AIT entrusted its business and its commercial web server operations with Defendants.

112. In reasonable reliance on the representations and/or material omissions of Defendants, AIT invested significant costs and resources in the leasing of the Dell OptiPlex computers.

113. AIT relied to its detriment upon the intentional material omissions and/or false statements of Defendants.

114. As a direct and proximate consequence of the fraudulent acts of Defendants, AIT has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

115. AIT is entitled to have and recover of Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages, together with interest and costs.

116. The acts of Defendants were performed fraudulently and in a wanton, willful and/or reckless disregard of the rights and interests of AIT and AIT is therefore entitled to an award of punitive damages.

117. AIT is entitled to have and recover of Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages.

## COUNT VII

## UNFAIR AND DECEPTIVE ACTS BY DEFENDANTS

118. AIT restates and reiterates herein all previous paragraphs.

119. The actions of Defendants as alleged herein were in or affecting commerce within the meaning of Chapter 75 of the North Carolina General Statutes.

120. The following acts of Defendants constitute unfair and/or deceptive trade practices:

    a. Defendants told AIT that the Dell OptiPlex computers would perform for its business and its web server operations when in fact it knew that such computers experienced significant failure issues with their counterfeit capacitors, motherboards, power supply, CPU fans and other defects not currently known to AIT;

    b. Defendants, while soliciting business from AIT and in a position with trust and confidence with fiduciary responsibilities to AIT, knowingly and willfully engaged in acts intended to damage the status of AIT with its business and potential customers and

22

enrich themselves and their affiliated companies, at AIT's expense, as more fully alleged in this Complaint;

     c.     By using unconscionable commercial practices and knowingly concealing, suppressing and/or omitting material facts as described above; and

     d.     In all other respects.

121.     Defendants' deceptive practices were specifically designed to induce AIT to lease the Dell OptiPlex computers.

122.     Defendants' deceptive practices have deceived and/or are likely to deceive AIT.

123.     To this day, Defendants continue to violate Chapter 75 of the North Carolina General Statutes by continuing to actively concealing the defective nature of the Dell OptiPlex computers and unfairly and deceptively not honoring its warranty obligations in association with the Dell OptiPlex computers.

124.     As a direct and proximate result of the unfair and deceptive trade practices of Defendants, AIT has incurred actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

125.     AIT is entitled to recover treble damages and attorney's fees from Defendants pursuant to N.C. Gen. State. §§ 75-16 and 75-16.1, respectively.

126.     AIT is entitled to have and recover of Defendants an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) for unfair and deceptive trade practices, trebled pursuant to N.C. Gen. State. § 75-16, and an award of attorney's fees pursuant to N.C. Gen. State. § 75-16.1.

## COUNT VIII

## CIVIL CONSPIRACY BY DEFENDANTS

127. AIT restates and reiterates herein all previous paragraphs.

128. The conduct of Defendants described above constitutes a civil conspiracy among Defendants.

129. As evidenced by their conduct described above, Defendants entered into an agreement to perform unlawful acts against AIT, pursuant to a common scheme, all of which resulted in injury to AIT and its clients. The arrangement between Defendants to perform these unlawful acts was in furtherance of the common objective of harming AIT and benefiting Defendants.

130. As a result of the foregoing, AIT is entitled to recover of Defendants an amount to be determined in access of ($75,000.00).

131. AIT is entitled to have and recover of Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages, together with interest and costs.

132. The acts of Defendants were performed fraudulently and in a wanton, willful and/or reckless disregard of the rights and interests of AIT and AIT is therefore entitled to an award of punitive damages.

133. AIT is entitled to have and recover of Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages.

**COUNT IX**

**IN THE ALTERNATIVE**

**BREACH OF CONTRACT**

134. AIT restates and reiterates herein all previous paragraphs.

135. When AIT leased the Dell OptiPlex computers, it entered into a Contract with Defendants that the Dell OptiPlex computers would operate and function as advertised, including

but not limited to Defendant honoring certain warranties for the Dell OptiPlex computers (each a "**Contract**", and collectively, the "**Contracts**").

136.   Defendants materially breached the Contracts with AIT in the following ways:

     a.   The Dell OptiPlex computers failed to operate and function as advertised;

     b.   When the Dell OptiPlex computers failed to operate and function as advertised, Defendant refused to repair and/or replace the Dell OptiPlex Computers pursuant to the Contracts;

     c.   Defendants baited AIT to stop lease payments to them in order to have certain lease terms triggered that required AIT to disclaim all warranties in association with the Dell OptiPlex computers; and

     d.   In all other respects.

137.   As a direct and proximate consequence of Defendants' breach of contract, AIT has suffered damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

138.   AIT is entitled to have and recover of Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages, together with interest and costs.

139.   The acts of Defendants were performed fraudulently and in a wanton, willful and/or reckless disregard of the rights and interests of AIT and AIT is therefore entitled to an award of punitive damages.

140.   AIT is entitled to have and recover of Defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages.

## JURY DEMAND

AIT hereby demands trial by jury as to all issues so triable.

**WHEREFORE**, having fully complained of Defendant, AIT respectfully prays the Court for the following relief:

1.    That this First Amended Verified Complaint be taken as an affidavit.

2.    That AIT have and recover of Defendants actual damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

3.    That AIT have and recover of Defendants treble damages pursuant to N.C. Gen. State. § 75-16, or in the alternative punitive damages;

4.    That AIT have and recover of Defendants attorney's fees pursuant to N.C. Gen. State. §§ 75-16.1 and 66-154(d);

5.    That the costs of this action be taxed to Defendants; and

6.    That the Court grant such other and further relief as it may deem just and proper.

This the 29th day of October, 2008.

By: _____

Mark W. Ishman, NC State Bar # 27908
Amber A. Corbin, NC State Bar # 23055
Attorneys for Plaintiff
c/o Advanced Internet Technologies, Inc.
421 Maiden Lane
Fayetteville, NC 28301
Phone: (910) 321-1365

NORTH CAROLINA

**CORPORATE VERIFICATION**

CUMBERLAND COUNTY


Clarence E. Briggs, III, being first duly sworn, deposes and says that he is Chief

Executive Officer of Advanced Internet Technologies, Inc., that he has read the Verified First

Amended Complaint and knows its contents, that the same is true of his own knowledge, except

as to those matters and things as stated upon information and belief, and as to those matters, he

believes them to be true.


This the 29th day of October, 2008.

_____
Clarence E. Briggs, III


Sworn to and subscribed before me this
the 29th day of October , 2008.

_____
Notary Public

My Commission Expires: 1/31/2013

**Mark Wilfred Ishman**
**Notary Public**
**Wake County**
**North Carolina**
**My Commission Expires Jan. 31, 2013**