# TAB 5



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31785044 (N.D.Cal.), 29 Employee Benefits Cas. 1567
(Cite as: 2002 WL 31785044 (N.D.Cal.))

Page 1

United States District Court,
N.D. California.
In re PROVIDIAN FINANCIAL CORP. ERISA LITIGATION
No. C 01-05027 CRB.

Nov. 14, 2002.

On motion to dismiss consolidated class action complaint for breach of the fiduciary duty requirements imposed by Employee Retirement Income Security Act (ERISA), the District Court, Breyer, J., held that complaint was insufficient to put defendants on notice of the claims against them, requiring filing of amended complaint.

Ordered accordingly.

West Headnotes

**Labor and Employment 231H ⟸649**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
                231Hk649 k. Pleading. Most Cited Cases
(Formerly 296k83.1)
Complaint alleging breach of the fiduciary duty requirements imposed by ERISA was insufficient to put defendants on notice of the claims against them, requiring filing of amended complaint; complaint lumped various classes of defendants into an undifferentiated mass and alleged that all of them violated all of the asserted fiduciary duties. Employee Retirement Income Security Act of 1974, § 2 et seq., 29 U.S.C.A. § 1001 et seq. ; Fed. Rules Civ.Proc.Rule 8(a), 28 U.S.C.A.

ORDER

BREYER, J.

*1 Now before the Court is defendants' motion to dismiss the consolidated class action complaint pending against them for breach of the fiduciary duty requirements imposed by the Employee Retirement Income Security Act of 1974 ("ERISA"). This single cause of action is asserted against multiple defendants: (1) Providian Financial Corporation; (2) selected officers of Providian; (3) the individual members of the Providian Board of Directors, including the members of the Human Resources Committee; and (4) the individual members of the Advisory Committee, who are identified as Does 1 to 100.

While Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim," that statement must be sufficient to put the defendant on notice of the claims against him. See Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Here, plaintiffs have lumped the various classes of defendants into an undifferentiated mass and alleged that all of them violated all of the asserted fiduciary duties. The resulting cause of action is so general that it fails to put the various defendants on notice of the allegations against them.

Accordingly, plaintiffs are hereby ORDERED to file an amended complaint that alleges with specificity, for each category of defendants, what fiduciary duties the defendants allegedly had and how the defendants allegedly breached those duties. In particular, the Complaint should make clear what each category of defendants is alleged to have known about the true state of Providian's financial affairs. The amended complaint shall be filed no later than thirty days following issuance of this Order.

IT IS SO ORDERED.

N.D.Cal.,2002.
In re Providian Financial Corp. ERISA Litigation
Not Reported in F.Supp.2d, 2002 WL 31785044 (N.D.Cal.), 29 Employee Benefits Cas. 1567

END OF DOCUMENT