IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No 5:07-CV-426 (U.S.D.C., E.D.N.C.)

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC. <br><br> Plaintiff, <br><br> v. <br><br> DELL, INC. and DELL FINANCIAL SERVICES, INC., <br><br> Defendants. | **PLAINTIFF ADVANCED INTERNET TECHNOLOGIES, INC.'S RESPONSE OPPOSING DEFENDANT DELL, INC.'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVITS OF MICHAEL ROBERTS, CLARENCE E. BRIGGS AND MATTHEW MACOMBER** |

## INTRODUCTION

Plaintiff Advanced Internet Technologies, Inc. ("AIT") opposes Defendant Dell, Inc.'s ("Dell") Motion to Strike portions of the affidavits of Michael Roberts, Clarence E. Briggs, III and Matthew Macomber [DE # 255]. On April 30, 2010, Dell moved for partial summary judgment against AIT arguing, *inter alia*, that "AIT's damages claims fail because they are speculative, uncertain, and unsupported by evidence." *See* DE # 214-2, pp. 38-45. In response, AIT provided sworn affidavits from AIT's Senior Vice President of Operations and Chief Information Officer, Michael Roberts [DE # 248], AIT's President and Chief Executive Officer, Clarence E. Briggs, III [DE # 249] and AIT's Controller, Matthew G. Macomber [DE # 250], each of whom testified concerning the damages that AIT claims in this action. Dell seeks to strike the bulk of those affidavits, not because they are not otherwise admissible, but because they contain information which was purportedly either not produced in discovery or not produced in a "timely fashion." The Court should deny Dell's Motion because Dell's complaints of unfair surprise with regard to the information contained in these affidavits are meritless.

## ARGUMENT

Dell's argument for striking the Affidavit of Michael Roberts (the "Roberts Affidavit") is that it contains exhibits that purportedly "were not produced during the course of discovery," while Dell

1

simultaneously contends that "some of these documents were received three days after the close of discovery." *See* DE # 255-1, p. 5. Notwithstanding Dell's contradictory assertions, the information set forth in the Roberts Affidavit was produced to Dell before discovery closed; it was simply produced in a different format ***because that was how Dell requested the information to be produced***. Dell's argument for striking the affidavits of Clarence E. Briggs (the "Briggs Affidavit"), and of Matthew Macomber (the "Macomber Affidavit") is even less compelling, arguing not that the information contained in the affidavits was not produced in discovery, but that the information was produced "***two days prior to the close of discovery***" [DE # 255-1, p. 4.] Accordingly, there is no basis for Dell's motion to strike.

   A.  **The Roberts Affidavit**

   Dell seeks to strike paragraph 13 of the Roberts Affidavit [DE # 255-1, p. 8] but never explains in its motion any basis for the striking of this particular paragraph. Accordingly, with respect to Dell's motion to strike paragraph 13 of the Roberts Affidavit, Dell's motion fails to "state with particularity the grounds for seeking the order" and thus fails to comply with Rule 7(b)(1)(B) of the Federal Rules of Civil Procedure. Therefore Dell's motion to strike paragraph 13 of the Roberts Affidavit should be denied. *See*, *e.g.*, *Martinez v. Trainor*, 556 F.2d 818, 819-820 (7th Cir. 1977) (motion to vacate judgment properly denied by trial court pursuant to Fed.R.Civ.P. 7(b)(1)(B) where motion failed to state even a single ground for granting the motion); *Garner v. Morales*, 237 F.R.D. 399, 400 (S.D.Tex. 2006) (motion for leave to file a reply to answer would be denied, where plaintiff did not provide any basis for the necessity of such a reply). In any event, there is no plausible argument for the striking of paragraph 13 of the Roberts Affidavit insofar as the paragraph merely describes the desires and technical requirements of AIT's customers who elected to host their websites on one of AIT's inexpensive dedicated server plans. In addition, Mr. Roberts is fully qualified to testify on this issue from his own personal knowledge without referring to any document whatsoever, and the document to which Mr. Roberts does refer in this

2

paragraph is a public document which merely confirms a non-controversial point that Dell is in no position to contradict.

Dell seeks to strike paragraphs 18-32 of the Roberts Affidavit because they refer to exhibits containing information that AIT supposedly did not produce in discovery or were "late produced." *See* DE # 255-1, p. 5. However, paragraphs 18-26 cite to no exhibits whatsoever and merely reiterate testimony that Roberts either already provided to Dell during his deposition or could have provided had he been properly questioned on the subject insofar as he was duly designated by AIT as its representative on the topic of AIT's claimed damages relating to "customer credits" and "cancelled contracts" as well as "[a]ll customer complaints, accommodations, credits, concessions, contract cancellations or other adverse customer interactions for 2000 to the present, including the reasons for same." *See* Declaration of Darren T. Kaplan in Support of Plaintiff Advanced Internet Technologies, Inc.'s Response Opposing Defendant Dell, Inc.'s Motion to Strike Portions of the Affidavits of Michael Roberts, Clarence E. Briggs and Matthew Macomber ("Kaplan Decl."), Ex. A (AIT's "designation of individuals to testify on the corporation's behalf with regard to Dell's Noticed topics for Rule 30(b)(6) deposition"). As such, Dell's motion should be denied with respect to striking paragraphs 18-26 of the Roberts Affidavit because Dell has offered no compelling argument for that result.

Although paragraph 27 of the Roberts Affidavit does refer to a "screenshot" of a report from AIT's database that was not previously produced in discovery, the referenced screenshot is merely a report on a current AIT contract and as such, does not fall within any category of information Dell sought in discovery. The report, which used a contract that had not been cancelled as an illustration to clarify the testimony, was not offered as evidence of damages claimed by AIT in this litigation. Instead, the screenshot merely shows how a current contract differs from a cancelled contract in the database and thus, how Mr. Roberts was able to determine whether a contract was canceled by searching AIT's database. Again, this is testimony that Mr. Roberts either already provided to Dell during his deposition or could

3

have provided had he been properly questioned on the subject insofar as he was duly designated by AIT on the topic of "cancelled contracts."

As for paragraphs 28-32 of the Roberts Affidavit, *contra* Dell's contention, this information was timely produced to Dell in discovery but was simply produced in a different format *at Dell's specific request*. In August 2009, AIT responded to Dell's interrogatories on AIT's claimed damages pursuant to Fed.R.Civ.P. 33(d) by producing over 15,000 pages of responsive documents. On October 6, 2009, asserting that it was unable to comprehend AIT's supporting documents as they related to AIT's claims for damages, Dell moved to compel AIT to respond to those interrogatories in summary form. *See* DE # 113, pp. 2-5 (Defendant Dell, Inc.'s Motion to Compel Plaintiff to Provide Complete Responses to Discovery and Motion for Further Extension of Discovery Period ("Dell Motion to Compel") ¶¶ 5-15 as filed October 6, 2009). Dell moved to compel despite AIT's "offer to instruct Dell on how to compile the information" sought in the interrogatories from the documents produced rather than require AIT to undertake the burden of compilation. *See* DE # 118, p. 2 (Order Granting in Part Dell's Motion to Compel ("Order")).

Following a teleconference with the parties, Hon. David M. Daniel, U.S.M.J., ordered AIT to produce the information responsive to Dell's interrogatories 2 (a)-(g) and 6 in summary form:

> Generally, it appears that to compile the requested information in a workable manner, Dell must first look to one set of documents, then to another, and so on. Certain material information, such as customer names or numbers and asset numbers, is either not on the documents or does not correspond from one document type to another; some documents appear not to relate to this matter at all. *See* Dell's Mot., Exs. 4-8. The Court is mindful that compiling this information for further production creates a burden for AIT, but discovery is at times burdensome. *Cavacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486,490-91 ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden. . . . Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue and where the location of the documents is best known by the responding party.") AIT is in a better position than Dell to piece together its own records and to provide, in a straightforward manner, basic and fundamental information such as the names of its customers

4

>who cancelled contracts. Accordingly, AIT will be required to
>supplement its responses to Interrogatory Nos. 2(a)-(g) and 6. Dell's
>motion to compel is GRANTED IN PART, and AIT is ORDERED to
>produce the following by November 20, 2009:
>
>*****
>
>>(2) A Supplement to the report previously provided in response
>>to Interrogatory 6 with the information for all contracts alleged to have
>>been cancelled due to the failure of a Dell computer, which shall include
>>customer names . . ..

DE # 118, pp. 3-4.

Pursuant to that Order, and Dell's express request, AIT served Dell's attorney with a summary document containing "the information for all contracts alleged to have been cancelled due to the failure of a Dell computer, which shall include customer names (AIT 34578-AIT 35475, AIT 35476- AIT 35765)." *See* Kaplan Decl., Ex. B (Letter from Amber Corbin to Press Millen dated November 27, 2009). That document was an electronic spreadsheet which was printed out and served in paper form. The spreadsheet spanned nine columns captioned as follows: (row number); "Customer;" "Contract;" "Date Contract Entered;" "Date Contract Cancelled;" "CancellationReason (from customer);" "Failure from Correspondence (date);" "Failure from Correspondence (type);" and "Damages." *See* Kaplan Decl. Ex. C (AIT 34758 and AIT 35207). Thus, at Dell's express request, AIT provided Dell with summary information showing every customer it claimed had cancelled their contract with AIT as a result of a Dell computer failure, the type of contract entered into, the date that contract was entered into, the date the contract was cancelled, the cancellation reason, the date and type of failure, and the amount of damages claimed.

Selected pages from that summary document are annexed to the Kaplan Decl. showing information produced to Dell on November 27, 2009 on each customer referenced in the Roberts Affidavit, to wit:

| Customer Number | Bates Numbers | Row | Roberts Affidavit Paragraph |
|---|---|---|---|
| 1814536580 | AIT34803; AIT35252 | 1544 | 28 |
| 2442156317 | AIT35167; AIT35616 | 13931 | 29 |

5

| 2653661591 | AIT35021; AIT35470 | 8952 | 30 |
| 2451163350 | AIT35172; AIT35621 | 14078 | 31 |
| 2338020299 | AIT34876; AIT35325 | 4030 | 32 |

*See* Kaplan Decl., Ex. D. Thus, the information set forth in paragraphs 28-32 of the Roberts Affidavit was previously produced to Dell more than 60 days before discovery ended, in the summary form ***exactly as Dell required that information to be produced by AIT***.[1]

     **B.**     **The Briggs and Macomber Affidavits**

Dell's argument for striking the Briggs and Macomber Affidavits is no better. Dell contends that both the Briggs and Macomber Affidavits should be stricken in their entirety because portions of the affidavits cite to the AIT general ledger report (the "Ledger Report") which was produced subsequent to a verification of AIT's damages in November 2009. Nevertheless, Dell concedes that the Ledger Report was provided to it by Clarence Briggs at his deposition "two days prior to the close of discovery on February 5, 2010." *See* DE # 255-1, p. 4. Thus, Dell posits that even though discovery was still open, and even though the AIT's damages verification explicitly provided that, "AIT will continue to produce documents supporting or refuting these claimed damages as is appropriate as discovery continues in this matter" (*see* DE # 255-2, p. 1), any affidavit that refers, even in part, to a damage document produced after November 2009 or which differs in the claimed damage amount should be stricken in its entirety. Even assuming that Dell's argument, at least with respect to the portions of the affidavits that referred to the Ledger Report had some saliency, that argument is eviscerated by the undisputed fact that Dell had a full and fair opportunity to depose Mr. Briggs on the Ledger Report, ***and indeed, did so***, in the course of a deposition lasting two full days. Further, at no time during that deposition did Dell raise any objection to

---

[1] Given Dell's prior protestations of inability to comprehend AIT's trouble tickets, Dell's complaint that AIT produced additional trouble tickets three days after the close of discovery (DE # 255-1, p. 5) rings particularly hollow. AIT had already provided the information contained in those trouble tickets in the spreadsheet produced on November 27, 2009—a spreadsheet the Court ordered AIT to prepare after Dell represented in pleadings that it could not understand how AIT's claims were supported by AIT's trouble tickets.

6

the production of the Ledger Report by Mr. Briggs.  *See* Kaplan Decl. Ex. E (pages 1-3, 8, 337-340, and 416-444 from transcript of Deposition of Clarence E. Briggs III on February 3-4, 2010).

Ironically, Dell itself included the Ledger Report to which it now objects as an exhibit to its own Motion for Partial Summary Judgment.  *See* DE # 215-3.  Thus, by Dell's lights, an affidavit that refers to a document that Dell itself has offered into evidence should be stricken it its entirety.  However, Dell's argument finds no support in law and Dell offers no authority which would sustain this peculiar reading of the rules of evidence.  At the very least, even assuming that the Ledger Report was inadmissible, Dell's use of the Ledger Report in support of its motion "opened the door" for the explication of the Ledger Report and its provenance by AIT in its opposition to that motion.  *See*, *Corbett v. Fleetwood Homes of N.C.*, 213 F.3d 630 (Table), 2000 WL 530325, at *4 (4th Cir. May 3, 2000) (decision as to whether to admit otherwise inadmissible evidence after the other party has "opened the door" lies firmly within the "discretionary authority" of the trial judge).

It should also be noted that paragraphs 9-11 of the Briggs Affidavit refer, not to discounts to customers, which was the subject of the Ledger Report produced on February 3, 2010, but to an additional category of damages relating to increased payroll expenses, which AIT already disclosed in the November 2009 damages verification as "increased labor."  *See* DE # 255-2, p. 6.  Dell provides no independent basis for striking these paragraphs of the Briggs Affidavit despite indicating that it seeks to strike paragraphs 3-11.  *See* DE # 255-1, p. 8.

Further, Dell provides no separate basis for striking the Macomber Affidavit, which simply describes how the Ledger Report which Mr. Briggs provided at his deposition was created.  For the same reasons that Dell's attempt to strike the Briggs Affidavit fails, so too does Dell's attempt to strike the Macomber Affidavit.

C.     **Dell's Authorities are Distinguishable**

The authorities to which Dell cites in its Memorandum of Law bear no resemblance to the circumstances here.  In *U.S. v. Quality Built Constr. Inc.*, 309 F.Supp.2d 767 (E.D.N.C. 2003) (cited by

7

Dell at p. 6), the testimony and evidence excluded was sought to be introduced more than a year after the close of discovery and after the granting of a partial motion for summary judgment as to liability. *Id* at 772. All of the evidence and affidavits to which Dell now objects were produced to Dell before the close of discovery and Dell availed itself of the opportunity to depose AIT's witnesses on the evidence in question. In *Quality Built Homes, Inc. v. Village of Pinehurst*, No. 1:06CV1028, 2008 WL 3503149 (M.D.N.C. Aug. 11, 2008) (cited by Dell at p. 6) the court struck the affidavit on summary judgment of plaintiff's witness Csiszar, not only because Csiszar was an undisclosed fact witness whom defendants were never given an opportunity to depose but also because the plaintiffs were impermissibly attempting to introduce expert testimony through Csiszar's affidavit.[2] *Id.* at *5. Clarence Briggs, Michael Roberts and Matthew Macomber were duly designated by AIT back in July 2009 as potential witnesses on the subjects of the affidavits which Dell now seeks to strike. *See* DE # 111-3, pp. 13-19 (Plaintiffs Amended Responses to Dell's First Set of Interrogatories and First Request for Production of Documents). Dell actually deposed Messrs Briggs and Roberts and could have deposed Mr. Macomber had it chosen to do so. Further, there is no argument by Dell that the Briggs, Roberts and Macomber Affidavits are improper attempts to introduce expert testimony. *Gallagher v. S. Source Packaging, LLC*, 568 F.Supp.2d 624 (E.D.N.C. 2008) (cited by Dell at pp. 6-7) is of a similar piece, wherein the court rejected an affidavit on summary judgment by a previously undisclosed lay witness who was also being utilized to impermissibly offer expert testimony. Again, Messrs Briggs, Roberts, and Macomber were duly designated by AIT back in July 2009 as potential witnesses on the subjects of the affidavits which Dell now seeks to strike and there is no argument that any of the affidavits represent attempts impermissibly to offer expert testimony under Fed.R.Evid. 702. Thus, *Quality Built Construction, Quality Built Homes* and *Gallagher* provide no support for Dell's motion to strike the affidavits.

---

[2] *See* AIT's Motion to Strike the Declaration of William Luhrs, III filed on May 28, 2010, which seeks to strike portions of that Declaration for also attempting impermissibly to introduce undisclosed expert testimony under the guise of factual testimony. [DE # 229, 230, 231].

Dell's other cited authorities fare no better. *Webster v. Sec'y of Army*, 922 F.2d 837 (4th Cir. 1991) (cited by Dell at p. 7) affirmed the refusal by the trial court to admit three exhibits that were not produced in discovery. As explained above, virtually every exhibit to which Dell objects was either produced to Dell before the close of discovery or the information contained in the exhibit was produced to Dell in summary form before the close of discovery at Dell's special insistence. *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416 (7th Cir. 2005) (cited by Dell at p. 7) apparently involved an evidentiary sanction arising from an outright refusal to respond to contention interrogatories. *Id.* at 420. There is no argument here that AIT refused to respond to contention interrogatories, and much of the very same information contained in the affidavits which Dell seeks to strike was previously disclosed in response to general interrogatories proffered by Dell. *Ware v. Rodale Press, Inc.*, 322 F.3d 218 (3rd Cir. 2003) (cited by Dell at p. 7) also involves an evidentiary sanction wherein after refusing to provide any damage calculation whatsoever, the plaintiff filed a pretrial memorandum which contained a damage calculation almost a year after discovery had closed. *Id.* at 221. To compare the dilatory plaintiffs in *Webster*, *Zenith* and *Ware* with AIT's production of a damage document *two days before the deadline for the conclusion of discovery* is absurd, as is Dell's contention that AIT produced new documents after discovery was closed when Dell already had in its possession the same information provided in the precise format in which Dell requested its production.[3]

## **CONCLUSION**

The Court should deny in its entirety Dell's Motion to Strike the Affidavits of Michael Roberts, Clarence Briggs and Matthew Macomber as AIT has shown the Court that the Motion has no factual or legal basis capable of withstanding scrutiny.

---

[3] Notably, Dell's own discovery production continued until the last moment before discovery closed, and Dell delayed compliance with the Court's second Order to Compel entered against Dell until the eleventh hour before the deadline for filing dispositive motions.

Respectfully submitted on the 9th day of July, 2010.

    _s/ Darren T. Kaplan_____
Darren T. Kaplan (Admitted *Pro Hac Vice*)
Attorney for Plaintiff
Chitwood Harley Harnes LLP
11 Grace Avenue Suite 306
Great Neck, NY 11021
(516) 773-6090
Georgia State Bar No. 172670

  _s/ A. Bikash Roy_____
A. Bikash Roy, # 28382
Attorney for Plaintiff
c/o Advanced Internet Technologies, Inc.
421 Maiden Lane
Fayetteville, NC 28301
(910) 321-1365
Local Civil Rule 83.1 Counsel

**Attorneys for Plaintiff Advanced Internet Technologies, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed or caused to be filed **PLAINTIFF ADVANCED INTERNET TECHNOLOGIES, INC.'S RESPONSE OPPOSING DEFENDANT DELL, INC.'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVITS OF MICHAEL ROBERTS, CLARENCE E. BRIGGS AND MATTHEW MACOMBER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties of record.

This is the 9th day of July, 2010.

    _s/ Darren T. Kaplan_____
Darren T. Kaplan
Attorney for Plaintiff
Chitwood Harley Harnes LLP
11 Grace Avenue Suite 306
Great Neck, NY 11021
(516) 773-6090
Georgia State Bar No. 172670

    _s/ A. Bikash Roy_____
A. Bikash Roy, # 28382
Attorney for Plaintiff
c/o Advanced Internet Technologies, Inc.
421 Maiden Lane
Fayetteville, NC 28301
(910) 321-1365
Local Civil Rule 83.1 Counsel

**Attorneys for Plaintiff Advanced Internet Technologies, Inc.**

11

Case 5:07-cv-00426-H    Document 288    Filed 07/09/10    Page 11 of 11