IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-426-H

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL, INC. and DELL FINANCIAL SERVICES, INC., <br><br> Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE BY THE NEW YORK TIMES COMPANY** |

The New York Times Company (the "Times"), which owns and operates *The New York Times* and other newspapers around the country, including the *Boston Globe* and the *Wilmington (N.C.) Star News*, hereby submits the following Memorandum of Law in Support of its Motion to Intervene in the above-captioned matter for the limited purpose of asserting and protecting its and the people's right of access to judicial documents as conferred by the First Amendment to the Constitution of the United States and the common law.

**RELEVANT FACTS**

The above-captioned lawsuit was initiated on November 1, 2007, when Plaintiff Advanced Internet Technologies, Inc. ("AIT") filed a complaint against Defendant Dell, Inc. ("Dell") arising from AIT's purchase of computer equipment from Dell that AIT alleges was faulty. (Dkt. # 1) Nearly a year later, AIT filed an amended complaint, adding Dell Financial Services, Inc. ("DFS") as a defendant. (Dkt. # 41) On December 15, 2008, DFS asserted a counterclaim against AIT. (Dkt. # 57) On February 4, 2009, the Court entered a Stipulated Protective Order relating to discovery documents produced by the parties (the "Sealing Order").

([Dkt. # 70](#))  The Sealing Order focuses almost entirely on discovery documents, but does purport to cover "trial proceedings," as well.  ([Dkt. # 70 at ¶¶ 14, 23](#))

On April 30, 2010, all three parties filed motions for summary judgment as to some or all of the claims against them.  ([Dkt. # 200](#), [208](#), [214](#))  Both AIT and Dell attached as exhibits to their memoranda of law in support of their motions a number of documents that they proposed to seal pursuant to the Court's Sealing Order.  ([Dkt. # 203-207](#), [209-211](#), [215](#))  As all three parties filed response and reply briefs, they continued to attach documents that they proposed to file under seal.  ([Dkt. # 237-39](#), [241-47](#), [259](#), [266-67](#), 270-72, [274](#), [276-279](#))  The Court has not yet ruled on any of the parties' motions to file summary judgment documents under seal, nor has it ruled on AIT's motion for leave to file a surreply.

Given the well-settled law in the Fourth Circuit concerning the public's right of access to court documents filed in connection with summary judgment motions, the Times seeks to intervene in this action for the sole purpose of opposing the parties' pending motions to file under seal and, if necessary, unsealing any and all documents filed by the parties in connection with their summary judgment motions and related briefing.

## ARGUMENT

The Fourth Circuit and federal courts across the country have recognized that the press has standing to intervene in a case to preserve its access to court proceedings or documents—and have routinely allowed intervention in such cases. *See Rosenfeld v. Montgomery Co. Public Schools*, 25 Fed. Appx. 123, 131-32 (4th Cir. 2001) ("The caselaw establishes that our jurisdiction to review a district court's sealing orders is based not on our jurisdiction over the subject matter of the underlying claims addressed by the district court, but on the public right of access, under the common law or the First Amendment, to judicial documents. It is this *public*

right of access that gives third party press intervenors standing to intervene on appeal to seek review of sealing orders of the district courts.") (emphasis in original)[1]; *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988) (addressing access claim by intervenor newspaper); *see also Associated Press v. Ladd*, 162 F.2d 503, 507 (7th Cir. 1998) (holding that the "most appropriate procedural mechanism" for allowing non-parties to petition for access to court proceedings and documents is to "permit those who oppose the suppression of the material to intervene for that limited purpose."); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994) ("We have routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders in an effort to obtain access to information or judicial proceedings."); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 778 (1st Cir. 1988), *cert denied*, 488 U.S. 1030 (1989) (allowing non-parties to intervene to contest protective order); *Tribune Co. v. United States*, 784 F.2d 1518, 1521 (11th Cir. 1986) ("The press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records.").

The Times' First Amendment and common law rights also easily satisfy the requirements of Rule 24(a), as set forth by the Fourth Circuit, that a party seeking intervention must establish: "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991) (citing *Virginia v. Westinghouse Elec. Corp.,* 542 F.2d 214, 216 (4th Cir.1976)).

*First*, because the Fourth Circuit has held that the press has standing to seek access to trial proceedings or documents, the Times has a "an interest in the subject matter of the action."

---

[1] Attached hereto as Exhibit A.

More specifically, the Times (as a proxy for the public) has a direct interest in access to the documents filed under seal with the Court pursuant to the parties' summary judgment briefing. This interest is firmly grounded, above all, in the First Amendment. *See, e.g.*, *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) ("We believe that the more rigorous First Amendment standard should apply to documents filed in connection with a summary judgment motion in a civil case."); *Rosenfeld*, 25 Fed. Appx. at 132 (same).

*Second*, granting any of the parties' dispositive motions based, even in part, on the Court's review of documents filed under seal would foreclose the Times' ability to protect its interest in access to judicial proceedings and documents. *See id.* at 131.

*Third*, the Times' interest in assuring access to the trial proceedings and documents will not be adequately represented by the existing parties to the suit, as the parties themselves jointly sought the Sealing Order they now purport to rely on to file summary judgment documents under seal. The parties' proprietary interests in sealing the records directly conflict with the Times' First Amendment and common law interests in access to the judicial documents. *See Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.") As a member of the news media, the Times has a separate interest in accessing the judicial documents to report news and information regarding a judicial proceeding.

Rule 24 also requires that the motion to intervene be timely. On this issue, the Fourth Circuit has held:

> The courts are in general agreement regarding the considerations relevant to determinations of the timeliness of an intervention motion. A reviewing court should look at how far the suit has

> progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene.

*Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989).

Here, there is no tardiness in moving to intervene, as the Motion is being filed while briefing related to the parties' summary judgment motions is still ongoing. Until summary judgment briefing began, the Times had no way to know that the parties would seek to file summary judgment documents under seal. Moreover, the Court has not yet ruled on the parties' various motions to file these documents under seal. The conduct of this lawsuit will not be meaningfully delayed by the Times' intervention, as the motions to seal have already been filed and are before the Court. The Times' participation will simply allow the paper and the public to assert their First Amendment and common law rights in opposition to motions to file under seal that were recently filed. Under these circumstances, the Times has clearly satisfied the timeliness requirement. *See, e.g.*, *San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1101 (9th Cir. 1999) ("After the protective order was entered, the Mercury News waited 12 weeks before seeking to intervene. The Defendants do not argue that the length of this delay itself renders the intervention untimely. Indeed, delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records.").

At a minimum, permissive intervention also is warranted under Rule 24(b) because the Times' interest in asserting a right of access raises "a common question of law or fact" with the issues presented by the Sealing Order, and intervention will not "unduly prejudice or delay the adjudication of the rights of the original parties." *See e.g.*, *E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (compiling cases and holding that "every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders"). Indeed, allowing

intervention will assure that the Times has an adequate opportunity to argue for a right of access to trial documents and to oppose efforts to restrict its speech.

## CONCLUSION

For the reasons explained above, the Times respectfully requests that this Court enter an Order: (1) granting the Times' Motion to Intervene under Rule 24(a) of the Federal Rules of Civil Procedure, or in the alternative; (2) granting the Times' Motion to Intervene under Rule 24(b). Pursuant to Rule 24(c), the Times has filed contemporaneously with this Motion its Proposed Opposition to the Parties' Motions to Seal.

Respectfully submitted, this the 14th day of July 2010.

/s/ Eric M. David
Mark J. Prak
N.C. State Bar No. 9420
Eric M. David
N.C. State Bar No. 38118
BROOKS, PIERCE, MCLENDON,
 HUMPHREY & LEONARD
Post Office Box 1800
Raleigh, NC  27602
Telephone:  (919) 839-0300
Facsimile:  (919) 839-0304
*Attorneys for The New York Times Co.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-426-H

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL, INC. and DELL FINANCIAL SERVICES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| **COUNSEL FOR PLAINTIFF** |
|---|
| Amber A. Corbin |
| Bikash Roy |
| Darren T. Kaplan |
| Gregory E. Keller |
| James M. Wilson |
| Mark W. Ishman |
| Mary K. King |
| Robert W. Killorin |
| |
| **COUNSEL FOR DEFENDANT DELL, INC.** |
| Pressly M. Millen |
| Jane F. Thorpe |
| Scott A. Elder |
| Victoria D. Lockard |
| William M. D'Antignac |
| |
| **COUNSEL FOR DEFENDANT DELL FINANCIAL SERVICES, INC.** |
| Byron L. Saintsing |

This the 14th day of July 2010.

        /s/ Eric M. David
        Mark J. Prak
        N.C. State Bar No. 9420
        Eric M. David
        N.C. State Bar No. 38118
        BROOKS, PIERCE, MCLENDON,
         HUMPHREY & LEONARD
        Post Office Box 1800
        Raleigh, NC 27602
        Telephone: (919) 839-0300
        Facsimile: (919) 839-0304
        *Attorneys for The New York Times Co.*