IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-426-H

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DELL, INC. and DELL FINANCIAL SERVICES, INC.,<br><br>　　　　Defendants. | **INTERVENOR'S PROPOSED MEMORANDUM OF LAW IN OPPOSITION TO PARTIES' MOTIONS TO FILE DOCUMENTS UNDER SEAL** |

Intervenor The New York Times Company (the "Times"), which owns and operates *The New York Times* and other newspapers around the country, including the *Boston Globe* and the *Wilmington (N.C.) Star News*, hereby submits the following Proposed Memorandum of Law in Opposition to the Parties' Motions to File Documents Under Seal.[1] In addition, to the degree any of the documents attached to, filed with, or referenced in the parties' motions for summary judgment and accompanying briefing has already been sealed, the Times hereby moves the Court for an Order unsealing such documents.

The Times has contemporaneously filed a Motion to Intervene in the above-captioned matter and submits this Proposed Opposition pursuant to Fed. R. Civ. P. 24(c).

---

[1] As best the Times can ascertain from the docket, the relevant entries are Dkt. # 203-207, 209-11, 215, 237-39, 241-47, 259, 266-67, 270-72, 274, 276-279. This Opposition, however, applies to <u>any</u> motion to file under seal documents attached to, or referenced in, the parties' summary judgment briefing.

## RELEVANT FACTS

The above-captioned lawsuit was initiated on November 1, 2007, when Plaintiff Advanced Internet Technologies, Inc. ("AIT") filed a complaint against Defendant Dell, Inc. ("Dell") arising from AIT's purchase of computer equipment from Dell that AIT alleges was faulty. ([Dkt. # 1](#)) Nearly a year later, AIT filed an amended complaint, adding Dell Financial Services, Inc. ("DFS") as a defendant. ([Dkt. # 41](#)) On December 15, 2008, DFS asserted a counterclaim against AIT. ([Dkt. # 57](#)) On February 4, 2009, the Court entered a Stipulated Protective Order relating to discovery documents produced by the parties (the "Sealing Order"). ([Dkt. # 70](#)) The Sealing Order focuses almost entirely on discovery documents, but does purport to cover "trial proceedings," as well. ([Dkt. # 70 at ¶¶ 14, 23](#))

On April 30, 2010, all three parties filed motions for summary judgment as to some or all of the claims against them. ([Dkt. # 200](#), [208](#), [214](#)) Both AIT and Dell attached as exhibits to their memoranda of law in support of their motions a number of documents that they proposed to seal pursuant to the Court's Sealing Order. ([Dkt. # 203-207](#), [209-211](#), [215](#)) As all three parties filed response and reply briefs, they continued to attach documents that they proposed to file under seal. ([Dkt. # 237-39](#), [241-47](#), [259](#), [266-67](#), 270-72, [274](#), [276-279](#)) The Court has not yet ruled on any of the parties' motions to file summary judgment documents under seal, nor has it ruled on AIT's motion for leave to file a surreply.

Contemporaneous with this Opposition, the Times filed a Motion to Intervene and an accompanying Memorandum of Law asserting the public's right of access to court documents filed in connection with summary judgment motions.

# ARGUMENT

The Times has intervened in this lawsuit for the simple, but fundamental, purpose of vindicating its and the public's First Amendment and common law rights of access to judicial documents. As is outlined below, these rights enjoy the highest level of constitutional protection, and the parties' attempts to abrogate them to serve their own commercial interests are supported by neither the facts nor the law. For that reason, the Times asks the Court to deny any and all motions to file under seal documents attached to or referenced in the parties' summary judgment briefing. Furthermore, to the degree any such documents have already been sealed by the Court, the Times hereby moves the Court to unseal them.

## I. The Sealing Order, As It Applies To Summary Judgment Documents, Is Subject To Strict Scrutiny Under The First Amendment

The Fourth Circuit has consistently held that the denial of access to documents filed with or referenced in summary judgment motions warrants the highest level of First Amendment scrutiny and can only be justified by an order "necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988). *See also Virginia Dep't of State Police v. The Washington Post*, 386 F.3d 567, 578 (4th Cir. 2004) (affirming district court unsealing of summary judgment documents); *Rosenfeld v. Montgomery Co. Public Schools*, 25 Fed. Appx. 123, 132 (4th Cir. 2001) (subjecting order sealing summary judgment documents to strict First Amendment scrutiny) (citing *Rushford*).[2] The burden of meeting this standard "rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Virginia Dep't of State Police*, 386 F.3d at 575. The constitutional bar is set so high, the Fourth Circuit has held,

---

[2] Attached hereto as Exhibit A.

because "'[p]ublicity of such records, of course, is necessitated in the long run so that the public can judge the product of the courts in a given case.'" *Id.* (quoting *Am. Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000)).

In this case, there is no question that any protective order covering the documents that the parties attached to, or referenced in, their summary judgment briefing warrants strict scrutiny under the First Amendment. Under virtually identical circumstances, the Fourth Circuit has said exactly this in *Rushford*, *Virginia Dep't of State Police*, and *Stone v. Univ. of Maryland Med. Sys. Corp.*, 948 F.2d 128 (4th Cir. 1991) ("*Stone II*"). In *Rushford*, for example, the *Washington Post* was allowed by the Court to intervene "for the limited purpose of unsealing summary judgment" documents. *Rushford*, 846 F.2d at 252. The district court had entered a protective order that dealt mostly with discovery matters, but the parties (and the district court) asserted that the same order also covered summary judgment documents. *Id.* at 251-52. The documents under seal included deposition transcripts and draft magazine articles. *Id.*

The Fourth Circuit held that the protective order had been entered "to facilitate pretrial discovery" and that "[o]nce the documents are made part of a dispositive motion, such as a summary judgment motion, they 'lose their status of being raw fruits of discovery.'" *Id.* at 252 (quoting *In re Agent Orange Product Liability Litigation*, 98 F.R.D. 539, 544-45 (E.D.N.Y. 1983)). Once submitted as part of a summary judgment motion, the status of documents changes "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial." *Id.*

Similarly, in this case, the Sealing Order, which the parties now invoke to justify filing summary judgment documents under seal, was entered to deal almost entirely with pretrial discovery issues. There is, nonetheless, language in the Sealing Order that purports to cover trial

documents and proceedings, language that the parties are apparently relying upon in their motions to file summary judgment documents under seal. The *Rushford* line of cases makes clear, however, that parties cannot bootstrap a motion to seal summary judgment papers with a pretrial discovery protective order.

## II. The Parties Have Cited No Compelling Interests To Justify Sealing

Moreover, when faced with a motion to file documents under seal—whether those documents warrant First Amendment protection (as these plainly do) or simply common-law protection—the Fourth Circuit has instructed courts to

> weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing. Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review. This determination "is one properly made in the first instance from the superior vantage point of the district court."

*Virginia Dep't of State Police*, 386 F.3d at 576 (citing *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988) ("*Stone I*")). Where the First Amendment is implicated, then, the Court is required to make an independent judgment, on the record and with specific findings of fact, that sealing the documents supports a compelling interest in a way that is narrowly tailored to serve that interest. The Court must also consider alternatives to sealing.

The parties here have utterly failed to meet their burden of showing that sealing the summary judgment documents is necessitated by a compelling interest and is narrowly tailored to serve that interest. In fact, their only statement in support of sealing is that the documents covered by the Sealing Order "may contain trade secrets or other confidential research, development, or commercial information." (Dkt. # 70 at 1) This sort of bare assertion of

"confidentiality" is wholly inadequate to overcome the Times' First Amendment rights. *See, e.g.*, *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 225 (6th Cir. 1996) ("The private litigants' interest in protecting their vanity or their commercial self-interest simply does not qualify as grounds for imposing a prior restraint. It is not even grounds for keeping the information under seal, as the District Court ultimately and correctly decided."); *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) ("[A] naked conclusory statement that publication of the Report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal. The Report is no longer a private document. It is part of a court record.").

In *Stone II*, 948 F.2d 128, the Fourth Circuit unsealed the records of a medical review committee that had been part of a summary judgment motion, even though the parties had all agreed that these records were confidential. Similarly, in *Hall v. United Airlines, Inc.*, 296 F. Supp. 2d 652 (E.D.N.C. 2003), Judge Britt unsealed thousands of pages of documents that the parties had filed under seal because, he concluded, the parties had done little more than simply assert that such documents were "Confidential" even though many "could not possibly reasonably be considered to contain 'Confidential Information.'" *Id.* at 679. In short, the authorities affirm that simply calling documents "confidential" is not enough to constitute a "compelling interest" that would support the abrogation of First Amendment rights. *See also*

Given the lack of a compelling interest, neither the Sealing Order nor any other order sealing summary judgment documents can possibly pass strict scrutiny. Even assuming there were a compelling interest, the application of the Sealing Order to the parties' summary judgment documents is not narrowly tailored. Rather, the parties, like the parties in *Hall*, appear to have labeled documents "confidential" in a wholesale, and conclusory, fashion. Unless the

parties can demonstrate to the Court that <u>every</u> instance of sealing is necessary to further a compelling interest, they cannot meet their burden, and their motions must fail. *Cf. Virginia Dep't of State Police*, 386 F.3d at 579 ("We note initially our complete agreement with the general principle that a compelling governmental interest exists in protecting the integrity of an ongoing law enforcement investigation. However, not every release of information contained in an ongoing criminal investigation file will necessarily affect the integrity of the investigation.").

There is simply no basis for finding that the Sealing Order, or any other order, sealing the parties' summary judgment papers would pass strict scrutiny. Because the parties have failed to meet their burden of showing that a protective order sealing the documents they have filed with, or referenced in, their summary judgment motions is necessitated by a compelling government interest and is narrowly tailored to meet that interest, none of these documents should be filed under seal. In fact, even under the more relaxed common-law standard, the parties have failed to establish, as required, that their "significant" interests in sealing the documents "heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253. Thus, even under the common law, the parties' motions should be denied.

Finally, insofar as any summary judgment documents have already been sealed by the Court, the Times hereby asks that they be unsealed.[3]

## **CONCLUSION**

For the reasons explained above, the Times respectfully requests that this Court deny any and all motions to file under seal documents attached to or referenced in the parties' summary

---

[3] The Times is not aware that this has occurred, and the docket does not reflect that it has. Because, however, the docket in this case is, to say the least, complex, the Times includes this request out of an abundance of caution. Of course, if summary judgment documents have already been sealed by the Court, the mandatory procedures for sealing detailed in *Virginia Dep't of State Police* were not followed and the documents should, therefore, be unsealed.

judgment briefing. Furthermore, to the degree any such documents have already been sealed by the Court, the Times hereby moves the Court to unseal them.

Respectfully submitted, this the 14th day of July 2010.

/s/ Eric M. David
Mark J. Prak
N.C. State Bar No. 9420
Eric M. David
N.C. State Bar No. 38118
BROOKS, PIERCE, MCLENDON,
  HUMPHREY & LEONARD
Post Office Box 1800
Raleigh, NC 27602
Telephone: (919) 839-0300
Facsimile: (919) 839-0304
*Attorneys for The New York Times Co.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-426-H

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC., <br><br>Plaintiff,<br><br>v.<br><br>DELL, INC. and DELL FINANCIAL SERVICES, INC.,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| **COUNSEL FOR PLAINTIFF** |
|---|
| Amber A. Corbin |
| Bikash Roy |
| Darren T. Kaplan |
| Gregory E. Keller |
| James M. Wilson |
| Mark W. Ishman |
| Mary K. King |
| Robert W. Killorin |
| |
| **COUNSEL FOR DEFENDANT DELL, INC.** |
| Pressly M. Millen |
| Jane F. Thorpe |
| Scott A. Elder |
| Victoria D. Lockard |
| William M. D'Antignac |
| |
| **COUNSEL FOR DEFENDANT DELL FINANCIAL SERVICES, INC.** |
| Byron L. Saintsing |

179873

This the 14th day of July 2010.

      /s/ Eric M. David
      Mark J. Prak
      N.C. State Bar No. 9420
      Eric M. David
      N.C. State Bar No. 38118
      BROOKS, PIERCE, MCLENDON,
       HUMPHREY & LEONARD
      Post Office Box 1800
      Raleigh, NC 27602
      Telephone: (919) 839-0300
      Facsimile: (919) 839-0304
      *Attorneys for The New York Times Co.*