IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-426-H

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC.,<br><br>      Plaintiff<br><br>v.<br><br>DELL, INC. and DELL FINANCIAL SERVICES, INC.,<br><br>      Defendants | **DEFENDANT DELL FINANCIAL SERVICES, L.L.C.'S RESPONSE TO THE MOTION TO INTERVENE BY THE NEW YORK TIMES COMPANY** |

NOW COMES Dell Financial Services L.L.C. f/k/a Dell Financial Services L.P., a defendant ("Defendant DFS")[1], by and through its undersigned counsel, and submits this response to the Motion to Intervene by The New York Times Company [DE-289] and Memorandum of Law in Support of Motion to Intervene by The New York Times Company [DE-290].

I. **The New York Times Company's Motion to Intervene**

On July 14, 2010, The New York Times Company ("NYT") filed its motion and memorandum of law in support of its motion to intervene [DE-289, 290] (collectively "NYT's Motion to Intervene"). NYT seeks to intervene in the above matter for the "...*sole purpose of opposing the parties' pending motions to file under seal and, if necessary, unsealing any and all documents filed by the parties in connection with their summary judgment motions and related briefing.*" [DE-290, p. 2]. Defendant DFS

---

[1] Defendant DFS is incorrectly identified as Dell Financial Services, Inc. in the caption.

1

questions the practicality of permitting NYT to intervene at this late stage in the litigation, given that the case is scheduled to begin trial in less than three (3) months. However, there are relatively few, if any, proposed sealed documents at issue relating directly to the parties' summary judgment motions and related briefings ("Summary Judgment Documents") and NYT has specifically limited its motion to intervene to the Summary Judgment Documents.

Based on the limitation set forth in the NYT's motion, Defendant DFS does not oppose the NYT's Motion to Intervene. However, Defendant DFS respectfully requests that any order entered by the Court limit the involvement of NYT in this litigation to its stated purpose of only seeking to avoid the sealing of the Summary Judgment Documents.

II. **The New York Times Company's Proposed Opposition to Motions to Seal [DE-291] filed contemporaneously with its Motion to Intervene**

Along with its Motion to Intervene, NYT filed its proposed memorandum of law in opposition to the parties' motions to file documents under seal [DE-291] ("NYT's Opposition to Motions to Seal"). NYT's Opposition to Motions to Seal references the following docket entries at issue that relate directly to the Summary Judgment Documents: DE 203-207, 209-211, 215, 237-239, 241-247, 259, 266-267, 270-272, 274, 276-279 (collectively "Motions to Seal").

Of the Motions to Seal, Defendant DFS filed the following: DE 259, 270-272, 274, and 276-279 ("DFS Motions to Seal"). All

but four of the documents that prompted the necessity for the DFS Motions to Seal were designated as "confidential" by the Plaintiff, Advanced Internet Technologies, Inc. ("AIT"). Defendant DFS has no basis to oppose and does not oppose the unsealing of the documents referenced in the DFS Motions to Seal that were designated by AIT as confidential. Defendant DFS does not oppose the unsealing of the four documents it designated as confidential that are within DE 259 and 279 [Bates Numbers: DFS002639-DFS002641, and DFS002649].

Of the Motions to Seal, Defendant Dell Inc. filed DE 203-207, and 215 ("Dell Motions to Seal"). Based on lack of standing, Defendant DFS has no basis to oppose the unsealing of the documents referenced in the Dell Motions to Seal.

Of the Motions to Seal, AIT filed DE 209-211, 237-239, 241-247, and 266-267 ("AIT Motions to Seal"). In relation to DE 209-211, Defendant DFS did not oppose *AIT's Second Motion to Remove Confidentiality Designations from Certain Documents* [DE-285], which included the documents related to DE 209-211. Thus, Defendant DFS anticipates that the confidential documents referenced in DE 209-211 will be de-designated and unsealed by the Court. In relation to the remaining AIT Motions to Seal [DE 237-239, 241-247, and 266-267], Defendant DFS does not oppose the unsealing of the related documents, including DFS002726 and DFS002731-DFS002734.

## III. Conclusion

In short, Defendant DFS does not oppose NYT's Motion to Intervene or NYT's Opposition to Motions to Seal. But, based on the specific limitation set forth in the NYT's Motion to Intervene, Defendant DFS respectfully requests that any order entered by the Court limit the involvement of the NYT in this litigation to its stated purpose of seeking to avoid the sealing of the Summary Judgment Documents.

Respectfully submitted this the 4th day of August, 2010.

/s/ Byron L. Saintsing
Byron L. Saintsing
North Carolina State Bar No. 16035
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, L.L.P.
Attorneys for Dell Financial Services L.L.C
Post Office Drawer 26268
Raleigh, North Carolina 27611
Telephone: (919) 250-2000
Facsimile: (919) 250-2100
E-Mail: bsaintsing@smithdebnamlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing *Defendant DFS' Response to the Motion to Intervene by The New York Times Company* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties of record.

This the 4th day of August, 2010.

/s/ Byron L. Saintsing
Byron L. Saintsing
North Carolina State Bar No. 16035
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, L.L.P.
Attorneys for Dell Financial Services L.L.C
Post Office Drawer 26268
Raleigh, North Carolina 27611
Telephone: (919) 250-2000
Facsimile: (919) 250-2100
E-Mail: bsaintsing@smithdebnamlaw.com