IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07 CV 426-H

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>DELL INC., AND DELL FINANCIAL SERVICES, LLC<br><br>Defendants. | **DEFENDANT DELL INC.'S RESPONSE TO MOTION TO INTERVENE BY THE NEW YORK TIMES COMPANY** |

Defendant Dell Inc. ("Dell"), by and through its counsel, responds to the Motion to Intervene by the New York Times Company ("NYT Motion to Intervene") as follows.

**Relevant Procedural History**

AIT commenced this suit against Dell on November 1, 2007. Discovery in this case closed on February 5, 2010, and the parties filed cross motions for partial summary judgment on April 30, 2010. To protect the interests of all parties pursuant to Federal Rule of Civil Procedure 26(c), the Court entered a Stipulated Protective Order on February 4, 2009 (Dkt. # 70). Under the terms of the Stipulated Protective Order, the parties could designate certain discovery documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," which would trigger specified duties of the parties to take measures to restrict access and guard against public disclosure. In particular, the Stipulated Protective Order requires any party seeking to submit to the Court materials that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to do so only under seal. Thus, in connection with briefing the pending motions for partial summary judgment, all parties filed motions to file certain exhibits under seal.

## Involvement of the New York Times

On or around June 29, 2010, the New York Times newspaper published an article about this case. Ashlee Vance, *Suit Over Faulty Computers Highlights Dell's Decline*, N.Y. TIMES, June 29, 2010, at B1. The article was prominently featured in the newspaper's print and online editions. Indeed, for at least four consecutive days after publication, the article was identified as the number-one Most E-Mailed story on www.nytimes.com. Clarence Briggs, AIT's chief executive officer, "declined to comment on the lawsuit," for the story, but AIT's proposed expert Ira Winkler (subject of Dell's unopposed *Daubert* motion), was quoted extensively in the article and inaccurately identified as having "served as the expert witness for [AIT]."[1] *Id.* Thereafter, on July 3, 2010, the New York Times article was re-published in the Raleigh NEWS & OBSERVER under the headline "*Dell sold millions of faulty PCs*." Many other media outlets nationwide published the story.

The New York Times Company filed the instant NYT Motion to Intervene on July 14, 2010. The NYT Motion to Intervene purports to seek intervention under Federal Rules of Civil Procedure 24(a) and 24(b) "for the limited purpose of asserting and protecting its and the people's right of access to judicial documents, as conferred by the First Amendment to the Constitution of the United States and the common law." In its supporting and accompanying memoranda, however, The New York Times Company articulates a much narrower and practical purpose: "the Times seeks to intervene in this action ***for the sole purpose of opposing the parties' pending motions to file under seal and, if necessary, unsealing any and all documents filed by the parties in connection with their summary judgment motions and related briefing.***" (Mem. of Law in Supp. of NYT Motion to Intervene ("NYT Intervention Brief"), Dkt. # 290, at

---

[1] Dell does not know the identity of unnamed sources for the article, but notes that certain information described therein appears to have been gleaned from documents produced by Dell in discovery with the "Confidential" designation.

2 (emphasis added).) This narrow purpose is reiterated in the Intervenor's Proposed Memorandum of Law in Opposition to Parties' Motions to File Documents Under Seal. (*See* Dkt. # 291, at 3, 7-8.) The day after the filing of the NYT Motion to Intervene, AIT filed a brief stating, in part:

> AIT does not oppose the unsealing of any document filed under seal in this litigation and agrees with the Times that there is no compelling interest which would necessitate the sealing of any documents filed in support of or in opposition to the litigants' motions for summary judgment.

(Pl.'s Reply to the Opp. Of Proposed Intervenor The New York Times Co. to Pl.'s Mots. To File Docs. Under Seal, Dkt. # 294, at 1.)

### Dell's Position

Dell recognizes the caselaw cited by The New York Times Company in support of the proposition that "the press has standing to intervene in actions in which it is not otherwise a party to seek review of a district court's order sealing documents and court records." *Rosenfeld v. Montgomery Cty. Public Schools*, 25 Fed. Appx. 123, 131 (4th Cir. 2001) (citing *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988)). Therefore, Dell does not oppose the NYT Motion to Intervene. However, Dell submits that in connection with The New York Times Company's intervention, it is appropriate for this Court to properly limit The New York Times Company's role in this litigation according to the Intervenor's own stated intentions and the governing law.

The New York Times Company has stated in its own court papers that the "sole purpose" of its intervention is to oppose the pending motions to seal and to seek unsealing of "any and all documents filed by the parties in connection with their summary judgment motions and related briefing." (NYT Intervention Brief, Dkt. # 290, at 2.) This stated purpose is more reasonable

and practical than The New York Times Company's alternative stated purpose of entering the case for the general purpose of "asserting and protecting its and the people's right of access to judicial documents." (NYT Motion to Intervene, Dkt. # 289, at 1.) Therefore Dell requests that in any order granting the NYT Motion to Intervene, the Court limit the role of The New York Times Company to the purpose of seeking to avoid sealing or to pursue unsealing of documents submitted in connection with the parties' summary judgment briefs. Not only would such a limitation be consistent with The New York Times Company's own court submissions, but it would also be proper under the applicable law. *See Rushford*, 846 F.2d at 253 (documents filed with the district court in connection with summary judgment are presumptively subject to public access and review); *Virginia Dept. of State Police v. The Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (same); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (same).

To the extent The New York Times' intervention is limited to preventing the sealing of specific documents that are subject to pending motions to seal and that have been submitted by the parties' in association with the cross motions for partial summary judgment, Dell does not seek to ratify the motions to seal. For purposes of clarification, the refusal to seal (or unsealing) of said documents would effectively make the following documents available for public access:

1. **Documents Designated by AIT as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Under the Stipulated Protective Order.**

AIT has stated that it does not oppose the unsealing of documents filed with the Court in support of or in opposition to the litigants' motions for partial summary judgment. (AIT's Reply Br., DE # 294 at 1.) Moreover, Dell has no standing to take a position on the confidentiality of documents or other information provided by AIT or DFS in this lawsuit. (*See* Stipulated Protective Order, DE # 70 at ¶ 19 ("This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose.").) Therefore,

Dell anticipates that the following AIT documents that it filed under seal will not be sealed as exhibits to summary judgment briefing:

- **Proposed Sealed Young Exhibit 2** (Dkt # 205) (filed with Dell's MPSJ (Dkt # 214) subject to Motion to Seal at Dkt # 207)

- **Proposed Sealed Young Exhibit 3** (Dkt # 206) (filed with Dell's MPSJ (Dkt # 214) subject to Motion to Seal at Dkt # 207)

2. **Documents Mistakenly Identified by AIT As Having Been Designated by Dell as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Under the Stipulated Protective Order.**

The following documents that were sought to be filed under seal by AIT need not have been filed under seal as they were either not designated as confidential or were publicly available documents:

- **Proposed Sealed Tab 10** (Dkt # 242) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 26** (Dkt # 245-9) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 27** (Dkt # 246) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 39** (Dkt # 246-12) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 40** (Dkt # 246-13) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 41** (Dkt # 246-14) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

3. **Documents Designated by Dell as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Under the Stipulated Protective Order.**

   a. **The Motions to Seal Are Moot With Respect to Certain Documents.**

Prior to the filing of this Response, Dell was asked to de-designate, and did in fact de-designate, numerous Dell documents that were submitted by AIT (regardless of whether they

needed to be filed under seal originally) in connection with the summary judgment briefing.

Therefore, there is no need for further Court action with respect to the following documents:

- **Proposed Sealed Memorandum in Support of AIT's Motion for Partial Summary Judgment** (Dkt # 209) (subject to Motion to Seal at Dkt # 211).

- **Proposed Sealed Exhibits A – D** (Dkt # 210, 210-1 – 3) (filed with AIT's MSJ (Dkt # 208) subject to Motion to Seal at Dkt # 211).

- **Proposed Sealed Tab 3** (Dkt # 238-3) (filed with AIT's Response to DFS's MSJ (Dkt # 237) subject to Motion to Seal at Dkt # 239).

- **Proposed Sealed Tab 11** (Dkt # 238-11) (filed with AIT's Response to DFS's MSJ (Dkt # 237) subject to Motion to Seal at Dkt # 239).

- **Proposed Sealed Tab 14** (Dkt # 238-14) (filed with AIT's Response to DFS's MSJ (Dkt # 237) subject to Motion to Seal at Dkt # 239).

- **Proposed Sealed Tab 15** (Dkt # 238-15) (filed with AIT's Response to DFS's MSJ (Dkt # 237) subject to Motion to Seal at Dkt # 239).

- **Proposed Sealed Tab 1** (only AIT 0130244 – AIT 013046) (Dkt # 241-1) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 2** (Dkt # 241-2) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 3** (Dkt # 241-3) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 4** (Dkt # 241-4) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 5** (Dkt # 241-5) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 6** (Dkt # 241-6) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 7** (Dkt # 241-7) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 9** (Dkt # 241-9) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 11** (Dkt # 242-1) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 13** (Dkt # 244) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 14** (Dkt # 244-1) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 15** (Dkt # 244-2) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 16** (Dkt # 244-3) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 17** (Dkt # 245) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 18** (Dkt # 245-1) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 19** (Dkt # 245-2) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 239).

- **Proposed Sealed Tab 20** (Dkt # 245-3) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 21** (Dkt # 245-4) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 23** (Dkt # 245-6) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 24** (Dkt # 245-7) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 25** (Dkt # 245-8) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 29** (Dkt # 246-2) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 30** (Dkt # 246-3) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 31** (Dkt # 246-4) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 32** (Dkt # 246-5) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 33** (Dkt # 246-6) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 34** (Dkt # 246-7) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 35** (Dkt # 246-8) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 36** (Dkt # 246-9) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 37** (Dkt # 246-10) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 38** (Dkt # 246-11) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Exhibit 3** (Dkt # 266-1) (filed with AIT's Reply to its MPSJ (Dkt # 273) subject to Motion to Seal at Dkt # 267)

Because the foregoing documents have been de-designated, any pending motions to seal regarding these documents are rendered moot.

### b. Only Seven Dell Documents Would Be Newly Disclosed Upon the Court's Ruling.

Therefore, the **only** remaining documents designated as "Confidential" by Dell and submitted to the Court in connection with the summary judgment briefing are the following *seven (7)* documents:

- **Proposed Sealed Tab 13** (Dkt # 238-13) (filed with AIT's Response to DFS's MSJ (Dkt # 237) subject to Motion to Seal at Dkt # 239).

- **Proposed Sealed Tab 1** (only AIT 0130221 – AIT 013043) (Dkt # 241-1) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 8** (Dkt # 241-8) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 12** (Dkt # 243, 243-1 - 5) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 22** (Dkt # 245-5) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Tab 28** (Dkt # 246-1) (filed with AIT's Response to Dell's MPSJ (Dkt # 240) subject to Motion to Seal at Dkt # 247).

- **Proposed Sealed Exhibit 1** (Dkt # 266) (filed with AIT's Reply to its MPSJ (Dkt # 273) subject to Motion to Seal at Dkt # 267)

Dell has reviewed these documents, and does not oppose the filing of these documents as exhibits to summary judgment briefs without sealing by the Court. Thus, the net result of the NYT Motion to Intervene and The New York Times Company's opposition to Motions to Seal will be the publication of *seven (7)* previously protected documents that needed to be filed under seal.

## Conclusion

As set forth herein, Dell requests that the intervention of The New York Times Company be limited to the purpose of opposing the parties' pending motions to file under seal and, if necessary, unsealing any and all documents filed by the parties in connection with their summary judgment motions and related briefing. The net result of said action would be the disclosure of seven (7) documents that were previously subject to sealing under the Stipulated Protective Order. Dell asks the Court to reiterate that, with the exception of documents filed with the Court in connection with summary judgment motions, the terms of the Stipulated Protective Order are

still in full force and effect, thus precluding the Plaintiff or any Defendant[2] from disclosing discovery materials that have been duly designated or adjudicated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of the Stipulated Protective Order.

DATED: August 4, 2010

Respectfully submitted,

/s/ Scott A. Elder
Jane Fugate Thorpe
Scott A. Elder
ALSTON & BIRD LLP
1201 West Peachtree Street, NW
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Fax: (404) 881-7777
Email: jane.thorpe@alston.com
Email: scott.elder@alston.com

/s/ Pressly M. Millen
Pressly M. Millen
North Carolina Bar No. 16178
WOMBLE CARLYLE SANDRIDGE & RICE,
*A Professional Limited Liability Company*
150 Fayetteville Street, Suite 2100
Raleigh, NC 27602
Telephone: (919) 755-2135
Fax: (919) 755-6067
Email: pmillen@wscr.com

*Attorneys for Dell Inc.*

---

[2] The Stipulated Protective Order defines a "Party" as either the Plaintiff AIT or Defendant Dell or Defendant Dell Financial Services L.L.C. Therefore, it goes without saying that as an Intervenor, The New York Times Company would not become a "Party" for purposes of the Stipulated Protective Order.

CERTIFICATE OF SERVICE

I certify that on August 4, 2010, I electronically filed this **DEFENDANT DELL INC.'S RESPONSE TO MOTION TO INTERVENE BY THE NEW YORK TIMES COMPANY** with the Clerk of the Court using CM/ECF which will notify all parties of record in this matter.

/s/ Scott A. Elder
Scott A. Elder
Attorney for Defendant Dell Inc.