IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-426-H

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL, INC. and DELL FINANCIAL SERVICES, INC., <br><br> Defendants. | **REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE BY THE NEW YORK TIMES COMPANY** |

The New York Times Company (the "Times"), hereby submits the following Reply Brief in Support of its Motion to Intervene in the above-captioned matter:

The parties to the underlying litigation apparently now agree that they cannot seal documents attached to their various summary judgment filings. As the Times argued in its Proposed Memorandum of Law in Opposition to the Parties' Motions to Seal, this is the result called for by the Constitution and the case authorities. In agreeing, however, Defendants Dell, Inc. and DFS state repeatedly that the Times' intervention should be limited to the summary judgment phase of the proceedings. (Dkt. # 300 at 2, 4; Dkt. # 301 at 4, 9.) The Times submits this Reply to make clear that the Times' (and the public's) interest in access to judicial records extends beyond summary judgment briefing, and certainly includes documents submitted as exhibits and evidence at trial.

Of course, the legal principles outlined in the Times' Proposed Opposition carry equal or greater force at the trial stage of the proceedings. The Fourth Circuit's decision in *Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249 (4th Cir. 1988), holding that an order limiting access

to documents submitted to the court with summary judgment briefing warranted strict First Amendment scrutiny, was predicated on the principle that submitting documents to the court for consideration as part of a dispositive motion was no different than offering them as trial evidence. The Court held: "Because summary judgment adjudicates substantive rights and serves as a substitute for trial, we fail to see the difference between a trial and the situation before us now." *Id.* at 252. Certainly, *a fortiori*, when a matter does move past summary judgment and actually goes to trial, any decision to seal documents submitted to the Court as evidence or exhibits at trial warrants full First Amendment analysis, as well.

Thus, to the degree one or more of the parties plan to seek an order of the Court sealing documents submitted at trial, the very same interests the Times asserted in its Motion to Intervene and Proposed Opposition—"asserting and protecting its and the people's right of access to judicial documents, as conferred by the First Amendment to the Constitution of the United States and the common law"—will apply. (Dkt. # 289 at 1.) In short, the public's constitutional right of access to trial documents cannot be limited to the summary judgment phase of proceedings, and the Times asks that the Court reject any attempt by Dell or DFS to impose such a limit.

## **CONCLUSION**

For the reasons explained above and in its Motion to Intervene, the Times respectfully requests that this Court enter an Order: (1) granting the Times' Motion to Intervene under Rule 24(a) of the Federal Rules of Civil Procedure, or in the alternative; (2) granting the Times' Motion to Intervene under Rule 24(b).

Respectfully submitted, this the 10th day of August 2010.

/s/ Eric M. David
Mark J. Prak
N.C. State Bar No. 9420
Eric M. David
N.C. State Bar No. 38118
BROOKS, PIERCE, MCLENDON,
 HUMPHREY & LEONARD
Post Office Box 1800
Raleigh, NC 27602
Telephone: (919) 839-0300
Facsimile: (919) 839-0304
*Attorneys for The New York Times Co.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-426-H

ADVANCED INTERNET TECHNOLOGIES, INC.,

    Plaintiff,

v.

DELL, INC. and DELL FINANCIAL SERVICES, INC.,

    Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| **COUNSEL FOR PLAINTIFF** |
| --- |
| Amber A. Corbin |
| Bikash Roy |
| Darren T. Kaplan |
| Gregory E. Keller |
| James M. Wilson |
| Mark W. Ishman |
| Mary K. King |
| Robert W. Killorin |
| |
| **COUNSEL FOR DEFENDANT DELL, INC.** |
| Pressly M. Millen |
| Jane F. Thorpe |
| Scott A. Elder |
| |
| **COUNSEL FOR DEFENDANT DELL FINANCIAL SERVICES, INC.** |
| Byron L. Saintsing |

This the 10th day of August 2010.

/s/ Eric M. David
Mark J. Prak
N.C. State Bar No. 9420
Eric M. David
N.C. State Bar No. 38118
BROOKS, PIERCE, MCLENDON,
  HUMPHREY & LEONARD
Post Office Box 1800
Raleigh, NC  27602
Telephone:  (919) 839-0300
Facsimile:  (919) 839-0304
*Attorneys for The New York Times Co.*