

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DISTRICT
No 5:07-CV-426 (U.S.D.C., E.D.N.C.)

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC.<br>Plaintiff,<br><br>v.<br><br>DELL, INC. and DELL FINANCIAL SERVICES, INC.,<br><br>Defendants. | MOTION TO VACATE SETTLEMENT AND FOR PAYMENT OF EXPERT WITNESS FEES |

Comes now, Ira Winkler of Argo Productions, Inc. ("**Argo**"), pursuant to F. R. Civ. P. 26(B)(4)(c)(i), and moves the court to vacate the settlement between the parties, entered sometime before October 7, 2010, and for a modification thereof to include payment of Argo's reasonable expert witness fees. As grounds for this motion, Movant states that the parties colluded to deprive Argo of legitimate fees and charges resulting from delinquent payments explained more fully as follows:

1. Ira Winkler, D/B/A Argo, was retained by Plaintiff, Advanced Internet Technologies, Inc. ("**AIT**") as an expert witness in this case against Dell, Inc. et al ("**Dell**") to support their position that Dell computers failed due to bad capacitors and other related issues.

2. The reasonable fee for this technical and highly specialized work was $500 per hour for normal work and $625 per hour for testimony. Movant informed Plaintiff's Counsel that he would write an expert report for a fixed price. Movant submitted the expert report in mid-September. Plaintiff AIT paid as agreed.

3. On December 11, 2009, Plaintiff AIT informed Winkler of Dell's intent to depose Winkler. Defendant Dell noticed Winkler for a deposition as an expert pursuant to Rule

26(b)(4)(A) or (B) in this matter. Winkler prepared for the January 6, 2010 deposition. Winkler informed AIT Argo would invoice at the hourly rates as noted above.

4. F.R.Civ. P. 26(B)(4)(C)(i) provides that: "Unless manifest injustice would result, the court *must* require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B)."

5. Copies of Movant's invoices for actual time spent preparing for and participating in the depositions were provided to, and thoroughly reviewed and approved by Counsel for both Plaintiff and Defendant. This included invoices for travel and related expenses. (EXHIBITS A and B)

6. The costs, fees and expenses incurred were reasonable and customary for the nature and scope of the work performed. Should there be any question as to what is considered reasonable and customary, Rule 76(g)(2) provides "The party taking the deposition shall pay the following costs, expenses, fees, and charges: (A) a reasonable fee for the expert witness, with regard to usual and customary charge of the witness, for the *time spent in preparing for* and attending the deposition."

7. No allegation or intimation of injustice has ever been made by either party.

8. The hourly costs associated with Movant's preparation of expert witness testimony for the deposition and other costs were reflected in the invoice, (EXHIBIT A) was $24,812.50.

9. The invoice clearly included the terms that there would be 1.2% monthly interest charges for late payments, as well as charges associated with collection.

10. After approximately 3 months of non-payment, Movant contacted the managing partner at the offices of Dell's attorneys stating he intended to file a grievance with the North Carolina Bar Association. Dell's attorneys only then made a partial payment of $2,812.50.

11. Upon information and belief, the parties have entered into a settlement agreement which did not require Defendant, Pursuant to F.R.Civ.P. 26, to pay Movant's expert witness deposition fees and expenses.

12. This settlement therefore is void and against public policy, and violates the express terms of F.R.Civ.P., which mandates that the court order the payment of Movant's fees.

13. Upon information and belief, the parties colluded to deprive Movant of reasonable fees and expenses by entering in to this settlement agreement.

## DEMAND

NOW WHEREFORE, Argo respectfully prays this Court vacate the settlement agreement or amend it requiring the appropriate parties to pay Argo the following relief:

1. That the instant settlement be vacated and modified to require Dell pay the remaining preparation fees of $22,000.00;

2. That Dell pay interest charges of $2,567.12; (EXHIBIT H)

3. That, pursuant to the terms of the invoice reviewed and accepted by Dell's attorney at the time of the deposition, Dell be ordered to pay the fees for the time spent in attempting to collect owed moneys of $24,750.00; (EXHIBIT H)

4. That Dell or AIT or the appropriate attorneys or representatives pay attorneys fees and other expenses that arise in the course of this action;

5. That Dell or AIT or the appropriate attorneys or representatives pay such other and further relief as it may deem just and proper given that failure to pay me results from egregious behavior on Dell's part.

This, the 11th day of October, 2010.

By: _____
Ira Winkler
President
Argo Productions, Inc.
35 Sunset Drive
Severna Park, MD 21146
Phone: (410) 544-3435