IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
No. 5:07 CV 426-H

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| DELL INC., AND DELL FINANCIAL SERVICES, LLC., | )<br>)<br>) |
| Defendants. | ) |

**DELL'S RESPONSE TO MOTION TO VACATE SETTLEMENT AND FOR PAYMENT OF EXPERT WITNESS FEES**

Defendant Dell Inc. ("Dell"), by and through its undersigned counsel hereby responds to Ira Winkler ("Winkler") of Argo Productions, Inc.'s ("Argo") Motion to Vacate Settlement and for Payment of Expert Witness Fees ("Motion") as follows:

## INTRODUCTION

On Thursday, September 23, 2010, Dell, Dell Financial Services, LLC ("DFS"), and Advanced Internet Technologies ("AIT") (collectively, "Parties"), attended a court-hosted settlement conference wherein the parties reached a settlement. [Dkt # 315]. Pursuant to this Court's order of September 24, 2010 [Dkt #316], the Parties memorialized their agreement and submitted a Joint Stipulation of Dismissal on October 8, 2010, dismissing this cause. [Dkt # 317]. On October 14, 2010, Dell was served with the Motion, which was filed the same date, with an accompanying declaration. [Dkt # 319 – 320].

## ARGUMENT AND AUTHORITY

**A. Argo and Winkler lack standing to seek to vacate a private settlement agreement reached by the Parties.**

Settlement agreements between parties are contracts. *See DeLoach v. Lorillard Tobacco, Co.*, 391 F.3d 551, 560 (4th Cir. 2004) ("Since we treat settlement agreements as contracts . . ."); *MCI Constructors, Inc. v. Hazen and Sawyer, P.C.*, No. 1:99CV2, 2009 WL 1173041, *5 n.2 (M.D.N.C. Apr. 28, 2009) ("a settlement agreement is a contract resolving a dispute itself.");

*Crawford v. Potter*, No. 1:04CV00303, 2005 U.S. Dist. LEXIS 23423, at *12 (M.D.N.C. Oct. 4, 2005) ("a settlement agreement, like all contracts must be interpreted according to its plain meaning"). Accordingly, "because a settlement agreement is a contract, its interpretation is governed by principles of contract law." *Williams v. Aluminum Co. of Am.*, No. 1:00CV00379, 2006 WL 2023133, *2 (M.D.N.C. 2006).

Winkler and Argo are not parties to the settlement agreement entered into by the Parties. At one time, Ira Winkler served as AIT's expert witness, but he was never a party to the above-captioned lawsuit. In fact, after his deposition,[1] Dell filed a motion pursuant to Federal Rule of Evidence 702 to exclude Winkler to which AIT never responded. [Dkt # 213]. Winkler and Argo simply have no legal interest in the settlement agreement/contract entered into by Dell, DFS and AIT and, therefore, no standing to seek to vacate that contract.

Contract law dictates that a third party, like Winkler or Argo, cannot seek to rescind or invalidate a private agreement to which it is not a party. *See Lambe-Young*, *Inc. v. Austin*, 331 S.E.2d 293, 296 (N.C. Ct. App. 1985) ("It is well settled that '**the parties** to a contact may, by a later agreement rescind a contract . . . ") (emphasis added); *May v. Getty*, 53 S.E. 75, 77 (N.C. 1905) ("It is now well settled ***that parties*** to a written contract may by parol, rescind, or by matter in pais abandon the same.") (emphasis added); *Davis v. Inscoe*, 84 N.C. 396 (N.C. 1881) ("the defendant was not a party to the agreement and had no right to set up the statute of frauds for the purpose of invalidating the contract. No person can avail himself of the statute for his own benefit, unless he is a party to the contract and is to be charged thereby."). Therefore, Winkler

---

[1] Winkler's underlying claim that Dell failed to pay him for the time he spent preparing for his deposition is meritless, because Dell was not obligated to make such payment. Winkler concedes that Dell paid him for the time spent being deposed by Dell ($2,812.50). Winkler Dec. at ¶ 22 [Dkt. # 320]. This payment was all that Dell owed since the Parties agreed to reimburse each other only for the time that the opposing expert sat for deposition. Elder Dec. at ¶ 3. Therefore, to the extent Winkler seeks payment for his preparation fees, he should seek such payment from AIT in a separate action. Dell further notes that Winkler's claim for time spent preparing for his deposition appears unreasonable, given the lack of preparation that was evident from his expert report and deposition, which led to a motion to exclude his testimony to which AIT elected not to respond. In short, it appears that Winkler and AIT have an underlying disagreement about Winkler's work in this case. That issue is a matter between AIT and its expert, Winkler, and has nothing to do with Dell or DFS.

and Argo lack any basis for challenging the private settlement contract entered into by the Parties, and they do not identify any such basis in their motion.

### B. Winkler and Argo Cannot Submit this Motion *Pro Se*

Winkler filed this motion *pro se* on behalf of his corporation, Argo. (Motion at p. 1, 5). It is well established in this Circuit that "a corporation may appear in the federal courts only through licensed counsel." *Terry v. Sparrow*, 328 B.R. 442, 446 (M.D.N.C. 2005) (quoting *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-02, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993)). A corporation, like Argo, is not permitted to appear *pro se* in federal court. *Id. See, e.g., Plimpton v. Cooper,* 141 F. Supp. 2d 573, 575 (W.D.N.C. 2001) (dismissing claims brought *pro se* on behalf of a corporation), *aff'd,* 21 Fed. Appx. 159 (4th Cir. 2001); *Carrico v. Village of Sugar Mountain,* 114 F.Supp.2d 422, 424 (W.D.N.C. 2000) (holding that a corporate plaintiff's claims must be dismissed), *aff'd,* 13 Fed.Appx. 79 (4th Cir.2001); *Microsoft Corp. v. Computer Serv. & Repair, Inc.,* 312 F.Supp.2d 779, 782 (E.D.N.C.2004) (striking a corporation's pleadings where they were signed by the corporation's president, not an attorney); *Gilley v. Shoffner,* 345 F. Supp. 2d 563, 566 (M.D.N.C.2004). Accordingly, this motion is not properly before the Court.

For any and all the reasons stated herein, the Motion should be denied.

Respectfully submitted this 4th day of November, 2010

s/ Scott A. Elder
Jane Fugate Thorpe
Georgia Bar No. 279550
Scott A. Elder
Georgia Bar No. 665879
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Fax: (404) 881-7777
Email: jane.thorpe@alston.com
Email: scott.elder@alston.com

/s/ Pressly M. Millen
Pressly M. Millen
North Carolina Bar No. 16178
WOMBLE CARLYLE SANDRIDGE & RICE,
*A Professional Limited Liability Company*
150 Fayetteville Street, Suite 2100
Raleigh, NC 27602
Telephone: (919) 755-2135
Fax: (919) 755-6067
Email: pmillen@wscr.com

***Attorneys for Defendant***
***Dell Inc.***

# CERTIFICATE OF SERVICE

I certify that on November 4, 2010, I electronically filed this **DELL'S RESPONSE TO MOTION TO VACATE SETTLEMENT AND FOR PAYMENT OF EXPERT WITNESS FEES** with the Clerk of the Court using CM/ECF which will notify all parties of record in this matter. I also served Ira Winkler of Argo Productions, Inc. with the foregoing by depositing a copy in the United States Mail in an envelope with adequate postage affixed and addressed to the following:

Ira Winkler
Argo Productions, Inc.
35 Sunset Drive
Severna Park, Maryland 21146

/s/ Scott A. Elder
Scott A. Elder
Attorney for Defendant Dell Inc.